UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

--------------------------------------------------------------

## 1. CAPTION OF ACTION

A. Isidro Abascal

-VS-

B. Dennis Fleckenstein          James T. Conway
William Kump                    Thomas G. Eagen
Chester Kosmowski

--------------------------------------------------------------

## 2. STATEMENT OF JURISDICTION, VENUE AND NATURE OF SUIT

A. The Court has jurisdiction over this action pursuant to 28 USC §§ 1331,1343(3)(4), and 2201, the matters in controversy arise under 42 USC § 1983.

B. Venue properly lies in the District pursuant to 28 USC § 1391(b), because each and every one of the events giving rise to this action occurred in the Western District of New York.

C. This is a civil rights action filed by Isidro Abascal, a parolee, and previously a state prisoner #97A2554, for damages, and declaratory judgment under 42 USC § 1983, to defend and protect the rights guaranteed by the Constitution of the United States, alleging violations of the Eighth Amendment to the United States Constitution.

--------------------------------------------------------------

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION**      At all relevant times herein, the plaintiff Isidro Abascal was a state prisoner #97A2554 incarcerated at Attica Correctional Facility (ACF), Exchange Street Road, P.O. Box 149, Attica, NY 14011-0149, and is currently a parolee whose present address is P.O. Box 20198, New York, NY 10011.

**DEFENDANT'S INFORMATION**      At all relevant times herein, defendants were persons for purposes of 42 USC § 1983, and acted under color of state law to deprive plaintiff of his constitutional rights, as set forth more fully below.

a. Defendant Dennis Fleckenstein was a Correctional Officer (CO) at ACF and is sued in his individual and official capacities. His address is Attica Correctional Facility, Exchange Street Road, P.O. Box 149, Attica, NY 14011-0149.

b. Defendant William Kump was a CO at ACF and is sued in his individual and official capacities. His address is Attica Correctional Facility, Exchange

Street Road, P.O. Box 149, Attica, NY 14011-0149.

c. Defendant Chester Kosmowski was a CO at ACF and is sued in his individual and official capacities. His address is Attica Correctioanal Facility, Exchange Street Road, P.O. Box 149, Attica, NY 14011-0149.

d. Defendant James T. Conway was the Superintendent at ACF and is sued in his individual and official capacities. His address is Attica Correctional Facility, Exchange Street Road, P.O. Box 149, Attica, NY 14011-0149.

e. Defendant Thomas G. Eagen was the Director of the Inmate Grievance Program (IGP) in the Department of Correctional Services (DOCS) and is sued in his individual and official capacities. His address is DOCS, The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050.

-----------------------------------------------------------------------

## 4.   PREVIOUS LAWSUITS IN STATE AND FEDERAL COURTS

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?

     Yes, but eventhough some of the facts were the same, the defendants were not the same, excepting Superintendent James T. Conway who was sued on grounds that he was deliberate indifferent to plaintiff's subjection to involuntary behavior modification experiments of the Office of Mental Health (OMH). When plaintiff amended the complaint, he omitted these facts due to the fact that they were not relevant to the other defendants and their causes of actions.

a. Plaintiff: Isidro Abascal; Defendants: Steve Jarkos, Thomas J. Tatum, H.D. Graham, Gary H. Filion, Carol H. Nemeth, W. Lape, Unknown HTE Operators, Frantz Muse, Nancy Pena, H.E. Smith, Bryan Hilton, Mitchell Langbart, John Burge, James L. Stone, Glenn S. Goord, and James T. Conway; Court: Northern District of New York; Docket #: 04-CV-1401; Name of Judge: Lawrence E. Kahn; Date of filing: 12-6-04; Disposition: 1-5-05, 3-1-05, 11-17-05, and it is still pending.

B. Have you begun any other lawsuits in federal court which relate to your imprisonment?    Yes, same as above.

-----------------------------------------------------------------------

## 5. STATEMENT OF CLAIM

CRUEL AND UNUSUAL PUNISHMENT

1. On November 18, 2003, plaintiff was transferred from Auburn Correctional Facility to Attica C.F.

2. On November 30, 2003 approximately at 4:50 p.m., plaintiff was let out of his cell to go to chow and he wanted to speak with the block sergeant because his cell A-11-12 had not been opened for shower, but CO Jeffrey Miller told plaintiff to go back to his cell and lock in. Plaintiff's cell

was not opened for chow and yard that night despite him putting down for those activities.

3. On December 24, 2003 approximately at 4:30 p.m., CO D. Buchheit would not open plaintiff's cell A-11-12 for chow despite him putting down for it.

4. On January 7, 2004 approximately at 8:50 a.m., CO Joseph Jankowski would not open plaintiff's cell C-33-19 for chow despite him putting down for it.

5. On January 13, 2004 approximately at 4:50 p.m., CO Christopher Erhardt would not open plaintiff's cell C-33-19 for chow despite him putting down for it.

6. On March 9, 2004 approximately at 12:35 p.m., plaintiff was waiting in front of his cell to go to chow, and CO Shawn McIntyre asked him why he was in the back. Plaintiff told him that he was waiting in front of his cell for them to open the company gate to go to chow, and CO Donald Hunter told plaintiff to lock in his cell A-10-7 again, depriving him of his meal despite plaintiff putting down for it.

7. On April 23, 2004 approximately at 4:40 p.m. when plaintiff was getting out of the company for chow, CO Matthew Ratajczak told him to go back to his cell A-11-28 and lock in despite plaintiff putting down for chow.

8. On April 27, 2004 approximately at 3:25 p.m. when plaintiff came back from the law library and went in to A-11 company, he told CO John Schuck to put him down for chow. Later, at about 4:15 p.m., plaintiff had an inmate check with CO John Schuck to see if he had plaintiff down for chow, CO John Schuck told the inmate that that was not his list, but he was going to let the other CO know. At about 4:40 p.m. the other CO would not open plaintiff's cell A-11-28 for chow despite him putting down for it.

9. On May 29, 2004 approximately at 12:26 p.m., CO Michael Dylag would not open plaintiff's cell A-11-28 for chow despite him putting down for it.

10. On June 11, 2004 approximately at 5:20 p.m., CO Daniel Bochynski approached plaintiff when he left the messhall, and told plaintiff to give his ID to him, and wait for him in front of A-11 company when he got to the block. Once in the block, CO Daniel Bochynski asked plaintiff why he was looking back in the line on the way to the messhall, plaintiff told him that somebody had stepped over his heels from behind, and he had just looked back. CO Daniel Bochynski asked plaintiff if he was going to the yard that night, but plaintiff told him that he was not going to the yard because he had to do some legal work; then CO Daniel Bochynski told him, "Don't go out of your cell tomorrow, if you do, you're going to have problem with me!" Plaintiff did not go to the messhall the next day in any of the chow periods, losing his three meals because of this CO's threat.

11. On June 28, 2004 approximately at 3:15 p.m. when plaintiff came back from the law library and went in to A-11 company, he told CO Patrick Sippel to put him down for chow. Later, approximately at 4:44 p.m., CO's Patrick Sippel and John Schuck would not open plaintiff's cell A-11-28 for chow despite him putting down for it.

12. On July 20, 2004 approximately at 4:50 p.m., CO Mark Cassidy would not open plaintiff's cell A-9-16 for chow despite him putting down for it.

13. On August 12, 2004 approximately at 4:35 p.m., CO's Wagner and John Schuck would not open plaintiff's cell A-9-16 for chow despite him putting down for it.

14. On August 27, 2004 approximately at 8:30 a.m., CO Michael Dylag would not open plaintiff's cell A-9-16 for chow despite him putting down for it.

15. On September 18, 2004 approximately at 11:45 a.m., CO William Kump would not open plaintiff's cell B-22-41 for chow despite him putting down for it. After the above described events and approximately at 4:16 p.m., another CO, name unknown, would not open plaintiff's cell for chow, and approximately at 7:25 p.m., the same CO, name unknown, would not open plaintiff's cell for yard despite him putting down for those events (exhibit # 1).

16. On November 13, 2004 approximately at 12:15 p.m. when plaintiff was on his way to the law library, CO's William Kump and Dennis Fleckenstein stopped him in B-22 company entrance to search his legal folder, and CO William Kump started brazenly reading plaintiff's legal papers and notes. CO William Kump asked plaintiff if he was going to sue the state for maltreatment while in the DOCS custody or for something that happened before his imprisonment. Plaintiff told CO William Kump that he did not have to answer that question, which prompted CO William Kump to rudely tell plaintiff, "Get out of here before I slap the shit out of you to give you a reason to sue the state!" (exhibit # 1).

17. On December 10, 2004 approximately at 11:50 a.m., CO Dennis Fleckenstein would not open plaintiff's cell B-22-41 for chow despite him putting down for it (exhibit # 1).

18. On January 4, 2005 approximately at 7:50 a.m., CO Dennis Fleckenstein would not open plaintiff's cell B-22-41 for chow despite him putting down for it (exhibit # 1).

FAILURE TO PROTECT, DELIBERATE INDIFFERENCE, AND CRUEL AND UNUSUAL PUNISHMENT

19. On January 7, 2005, plaintiff appealed Superintendent James T. Conway's denial decision regarding a harassment and retaliation grievance # A-47970-04 that plaintiff had filed on December 3, 2004, and finally denied by Thomas G. Eagen, Director of the IGP on February 9, 2005 (exhibit # 1).

20. On January 18, 2005 approximately at 12:30 p.m. when plaintiff came back from chow, he saw his legal documents (civil rights amended complaint) scattered over the CO's desk in front of B-22 company approximately 240 feet away from his cell. Plaintiff told CO William Damstetter that those were his legal documents, and that if he could take them with him, CO William Damstetter told plaintiff that he had to speak with CO William Kump and that he had to lock in. Plaintiff proceeded to his cell B-22-41, which had been searched, and approximately five minutes later his cell was opened, and he was given his legal documents and the search receipt by CO William Kump (exhibit # 2).

21. On February 16, 2005, plaintiff appealed Superintendent James T. Conway's denial decision regarding a harassment and retaliation grievance # A-48253-05 that plaintiff filed on January 29, 2005, and the Inmate Grievance Resolution Committee (IGRC) coded it as a harassment grievance and referred it to the block sergeant for investigation, but Superintendent James T. Conway re-coded it as a non-harassment grievance, and finally denied by Thomas G. Eagen, Director of IGP on March 23, 2005 (exhibit # 2).

22. On February 21, 2005 approximately at 8:00 a.m. while plaintiff was waiting to go to chow in front of B-22 company, CO Chester Kosmowski told plaintiff to lock in again because he was going to be fed in his cell. Plaintiff was given two milk cartons, one small apple juice container, and a paper bag with six small bags of sugar. Later approximately at 10:05 a.m., plaintiff asked CO Dennis Fleckenstein what had happened with his feed-up tray, and CO Dennis Fleckenstein told plaintiff that the feed-up personnel had screwed up with the trays. After the above described events and approximately at 12:50 p.m. when Sergeant Peter Corcoran was making rounds in the block, plaintiff reported the above events to him; when the sergeant left the company, CO Dennis Fleckenstein approached plaintiff's cell B-22-41, and with an intimidating look told plaintiff twice, "You better watch your step!" (exhibit # 3).

23. On February 22, 2005 approximately at 7:40 a.m., CO Dennis Fleckenstein would not open plaintiff's cell B-22-41 for chow despite him putting down for it (exhibit # 3).

24. On February 22, 2005 approximately at 9:50 a.m. when plaintiff was walking in 22 company on his way to sick-call, CO Dennis Fleckenstein approached him, and hit plaintiff without provocation on the right-hand side of plaintiff's rib cage area with his elbow; during these events plaintiff did not resist or threaten CO Dennis Fleckenstein in any fashion or broke any prison rules. Rather, plaintiff told CO Dennis Fleckenstein that he was going to report the physical assault (exhibit # 3).

25. On February 22, 2005 approximately at 10:15 a.m. when plaintiff came back from sick-call, he reported his physical assault to Hall Captain CO T. Steele, and told him to report it to the block sergeant, which prompted CO Dennis Fleckenstein who was there to tell plaintiff, "The next time, I'm going to wrap you up in a bag!" (exhibit # 3).

26. On February 22, 2005 approximately at 10:25 a.m. when plaintiff was entering B-22 company, CO Chester Kosmowski asked plaintiff why he bumped his partner, plaintiff told him that he did not bump his partner, on the contrary, his partner assaulted him. CO Chester Kosmowski told plaintiff that he saw plaintiff doing the bumping, and plaintiff told CO Chester Kosmowski that he said that because he was a part of the conspiracy (exhibit # 3).

27. On February 26, 2005 approximately at 7:35 a.m., CO Dennis Fleckenstein would not open plaintiff's cell B-22-41 for chow despite him putting down for it (exhibit # 3).

28. On February 27, 2005 approximately at 7:35 a.m., CO's Dennis Fleckenstein and Chester Kosmowski would not open plaintiff's cell B-22-41

for chow despite him putting down for it. Later that day approximately at
12:30 p.m., CO's Dennis Fleckenstein and Chester Kosmowski turned
plaintiff's cell B-22-41 power off (exhibit # 3).

29. On February 28, 2005 approximately at 7:40 a.m., CO's Dennis
Fleckenstein and Chester Kosmowski would not open plaintiff's cell B-22-41
for chow despite him putting down for it (exhibit # 3).

30. On March 3, 2005 approximately at 7:45 a.m., CO's Dennis Fleckenstein
and William Kump would not open plaintiff's cell B-22-41 for chow despite
him putting down for it (exhibit # 3).

31. On March 3, 2005 approximately at 11:45 a.m., CO's Dennis Fleckenstein
and William Kump would not open plaintiff's cell B-22-41 for chow despite
him putting down for it (exhibit # 3).

32. On March 4, 2005 approximately at 7:40 a.m., CO's Dennis Fleckenstein
and Chester Kosmowski would not open plaintiff's cell B-22-41 for chow
despite him putting down for it (exhibit # 3).

33. On March 4, 2005 approximately at 11:50 a.m. when plaintiff was going
out of B-22 company for chow, CO Dennis Fleckenstein made a fist close to
plaintiff's face and told him, "We're going to pound you!" and "We're going
to stop your bullshit!" (exhibit # 3).

34. On March 5, 2005 approximately at 7:42 a.m., CO's Dennis Fleckenstein
and Chester Kosmowski would not open plaintiff's cell B-22-41 for chow
despite him putting down for it (exhibit # 3).

35. On March 5, 2005 approximately at 11:20 a.m., CO Dennis Fleckenstein
passed by plaintiff's cell B-22-41, and saw plaintiff typewriting with his
personal typewriter, and turned plaintiff's cell power off (exhibit # 3).

36. On March 5, 2005 approximately at 11:45 a.m., CO's Dennis Fleckenstein
and Chester Kosmowski would not open plaintiff's cell B-22-41 for chow
despite him putting down for it (exhibit # 3).

37. On March 6, 2005 approximately at 7:32 a.m., CO Dennis Fleckenstein
would not open plaintiff's cell B-22-41 for chow despite him putting down
for it (exhibit # 3).

38. On March 6, 2005 approximately at 11:44 a.m., CO Dennis Fleckenstein
would not open plaintiff's cell B-22-41 for chow despite him putting down
for it (exhibit # 3).

39. On March 17, 2005, plaintiff appealed Superintendent James T. Conway's
decision regarding a harassment and retaliation grievance # A-48346-05 that
plaintiff had filed on February 24, 2005 and the IGRC coded as a harassment
grievance, and finally denied by Thomas G. Eagen, Director of IGP on April
20, 2005 (exhibit # 3).

40. On March 28, 2005 approximately at 8:05 a.m., CO J. Meegan would not
open plaintiff's cell C-36-27 for chow despite him putting down for it.
Plaintiff told an inmate nicknamed Hollywood who passed by his cell to tell
CO J. Meegan to open his cell for chow, and CO J. Meegan told the inmate,

"Mind your own business!" Approximately at 8:15 a.m., plaintiff's cell was opened, and he told CO J. Meegan that he wanted to go to chow, but CO J. Meegan told plaintiff that the inmates had already left for chow and that plaintiff had to lock in again.

------------------------------------------------------------------------

**A. FIRST CLAIM:**     Plaintiff realleges and incorporates by reference his allegations in paragraphs 17,18, and paragraphs 22 through 25, and paragraphs 27 through 38 as if fully restated herein.

The actions of defendant CO Dennis Fleckenstein in depriving plaintiff of his meals, physically assaulting him, verbally threatening him, and depriving him of his cell electricity power were done maliciously and sadistically.

The constitutional basis for this claim under 42 USC § 1983 is the right of plaintiff to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The relief plaintiff is seeking for this claim is damages, and declaratory judgment.

### Exhaustion of Administrative Remedies for this Claim:

Plaintiff made use of the IGP, the only grievance procedure that was available to him in the prison system, and took his grievance all the way to the top by taking every appeal available to him which was finally denied (exhibits ## 1,3).

------------------------------------------------------------------------

**A. SECOND CLAIM:**     Plaintiff realleges and incorporates by reference his allegations in paragraphs 15,16,20,30,31 as if fully restated herein.

The actions of defendant CO William Kump in depriving plaintiff of his meals, verbally threatening him, and taking his civil rights amended complaint approximately 240 feet away from his cell were done maliciously and sadistically.

The constitutional basis for this claim under 42 USC § 1983 is the right of plaintiff to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The relief plaintiff is seeking for this claim is damages, and declaratory judgment.

### Exhaustion of Administrative Remedies for this Claim:

Plaintiff made use of the IGP, the only grievance procedure that was available to him in the prison system, and took his grievance all the way to the top by taking every appeal available to him which was finally denied (exhibits ## 1,2,3).

------------------------------------------------------------------------

**A. THIRD CLAIM:**     Plaintiff realleges and incorporates by reference his allegations in paragraphs 22,26,28,29,32,34,36 as if fully restated herein.

The actions of defendant CO Chester Kosmowski in depriving plaintiff of his meals, conspiring to assault him, and depriving him of his cell electricity power were done maliciously and sadistically.

The constitutional basis for this claim under 42 USC § 1983 is the right of plaintiff to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The relief plaintiff is seeking for this claim is damages, and declaratory judgment.

### Exhaustion of Administrative Remedies for this Claim:

Plaintiff made use of the IGP, the only grievance procedure that was available to him in the prison system, and took his grievance all the way to the top by taking every appeal available to him which was finally denied (exhibit # 3).

-----------------------------------------------------------------

**A. FOURTH CLAIM:**      Plaintiff realleges and incorporates by reference his allegations in paragraphs 19,21,39 as if fully restated herein.

The actions of defendant Superintendent James T. Conway in failing to protect plaintiff under his care and custody, and curb the known pattern of physical, psychological, and mental abuse of plaintiff despite being informed in writing that his conditions were objectively cruel, and failing to remedy them, constituted deliberate indifference, and contributed and proximately caused the above described violations.

The constitutional basis for this claim under 42 USC § 1983 is the failure of defendant to protect plaintiff of his right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The relief plaintiff is seeking for this claim is damages, and declaratory judgment.

### Exhaustion of Administrative Remedies for this Claim:

Plaintiff made use of the IGP, the only grievance procedure that was available to him in the prison system, and took his grievance all the way to the top by taking every appeal available to him which was finally denied (exhibits ## 1,2,3).

-----------------------------------------------------------------

**A. FIFTH CLAIM:**      Plaintiff realleges and incorporates by reference his allegations in paragraphs 19,21,39 as if fully restated herein.

The actions of Director of the IGP Thomas G. Eagen in failing to protect plaintiff under his care and custody, and curb the known pattern of physical, psychological and mental abuse of plaintiff despite being informed in writing that his conditions were objectively cruel, and failing to remedy them, constituted deliberate indifference, and contributed and proximately caused the above described violations.

The constitutional basis for this claim under 42 USC § 1983 is the failure of defendant to protect plaintiff of his right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United

States Constitution.

The relief plaintiff is seeking for this claim is damages, and declaratory judgment.

### Exhaustion of Administrative Remedies for this Claim:

Plaintiff made use of the IGP, the only grievance procedure that was available to him in the prison system, and took his grievance all the way to the top by taking every appeal available to him which was finally denied (exhibits ## 1,2,3).

---

### 6. SUMMARY OF RELIEF SOUGHT

A. Issue a declaratory judgment stating that:

1. Defendant Dennis Fleckenstein's actions in depriving plaintiff of his meals, physically assaulting him, verbally threatening him, and depriving him of his cell electricity power, violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant William Kump's actions in depriving plaintiff of his meals, verbally threatening him, and taking his civil rights amended complaint approximately 240 feet away from his cell, violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

3. Defendant Chester Kosmowski's actions in depriving plaintiff of his meals, conspiring to assault him, and depriving him of his cell electricity power, violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

4. Defendant James T. Conway's failure to protect plaintiff under his care and custody, and curb the known pattern of physical, psychological, and mental abuse of plaintiff despite being informed in writing, constituted deliberate indifference, and violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

5. Defendant Thomas G. Eagen's failure to protect plaintiff under his care and custody, and curb the known pattern of physical, psychological, and mental abuse of plaintiff despite being informed in writing, constituted deliberate indifference, and violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $3,000,000 jointly and severally against defendants Dennis Fleckenstein, William Kump and Chester Kosmowski for the physical, psychological and mental abuse, and horrible experiences sustained as a result of plaintiff being deprived of his meals, physically assaulted, verbally threatened, his civil rights amended complaint taken approximately 240 feet away from his cell, conspiracy to assault him, and deprived of his cell electricity power.

2. $2,000,000 jointly and severally against defendants James T. Conway and Thomas G. Eagen for the physical, psychological and mental abuse of plaintiff under their care and custody, ensuing from their deliberate indifference.

C. Award punitive damages in the following amounts:

1. $1,000,000 each against defendants Dennis Fleckenstein, William Kump and Chester Kosmowski.

2. $500,000 each against defendants James T. Conway and Thomas G. Eagen.

D. Award nominal damages as the Court may deem just and proper.

E. Award costs, and such additional relief as the Court may deem just and proper.

JURY TRIAL DEMANDED

**Plaintiff declares under penalty of perjury that the foregoing is true and correct.**

New York, New York
May 15, 2006

Isidro Abascal

## INDEX TO PLAINTIFF'S EXHIBITS

**EXHIBIT NO.**                    **DESCRIPTION**

1                    Inmate grievance complaint # A-47970-04 filed by plaintiff on 12-3-04, filed by IGRC on 12-13-04, and denied by Central Office Review Committee (CORC) on 2-9-05 (7 pages).

2                    Inmate grievance complaint # A-48253-05 filed by plaintiff on 1-29-05, filed by IGRC on 2-2-05, filed in superintendent's office on 2-3-05, and denied by CORC on 3-23-05 (7 pages).

3                    Inmate grievance complaint # A-48346-05 filed by plaintiff on 2-24-05, filed by IGRC on 2-25-05, and denied by CORC on 4-20-05 (6 pages).

FORM 2131E (8/88)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## INMATE GRIEVANCE COMPLAINT

Grievance No. **47970-04**

Name __Isidro Abascal__   CORRECTIONAL FACILITY __ATTICA__

Date __12-3-04__

Dept.No. __97-A-2554__   Housing Unit __B-22-41__

Program __South Utility__ AM   __South Utility__ PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem: (Please make as brief as possible) __This is a harassment and retaliation grievance under DOCS Directive 4040, VIII and VI B, and 7 NYCRR, §§ 701.11 and 701.10(c)(2)(3) for grievant exercising his constitutional rights in "petitioning for the redress of grievances", and being involved in legal activities, e.g. claims, proceedings, and actions in courts. On 12-3-04 approximately at 1:25 p.m., CO Chester Kosmowski was giving the winter work issue out (e.g. gloves, hats and winter underwear pants and shirts) to the South Utility crew on B-22 company. Grievant was issued a pair of gloves       (see attached)__

Grievant Signature __Abascal__

Grievance Clerk __[signature]__   Date: __13 DEC 2004__

Advisor Requested   ☒ YES   ☐ NO   Who: __State Shop Supervisor and DSS Randy James__

Action requested by inmate: __To be issued the winter underwear pants and shirt; stop being verbally harassed, humiliated and physically threatened by CO's; and keep the confidentiality of legal papers in not being read by CO's during or after cell or elsewhere searches.__

This Grievance has been informally resolved as follows: __No Show 12-13-04__

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

47970-04

(attached)                  (2A)      13 DEC 2004

and a hat which he signed on the issue sheet. When CO Chester Kosmowski got to cell 42, he gave the inmate in that cell what he had given to all other inmates in the South Utility crew and had not given to grievant, (winter underwear pants and shirt). When grievant asked this CO why he was not given the same items than other crew members got, CO Chester Kosmowski said, "Get out of the gate, I do not like you to stare at me!"

After the above described events and approximately at 1:55 p.m., CO Dennis Fleckenstein went to grievant's cell to search it even though he had searched it on 9-27-04 whithout grievant being present and when grievant came back from the messhall. That day after the search grievant missed a page of a 42 USC §1983 complaint and a sheet of paper where grievant had notes concerning an incident of humiliation that CO Chester Kosmowski had subjected him while working in the outside grounds. In addition, CO Dennis Fleckenstein also took another sheet of paper with some notes that grievant had on the last search of 12-3-04. This CO and CO William Kump have taken an established procedure of searching grievant's legal folder whenever grievant goes to the law library.

CO William Kump has verbal harassed, humiliated, and physically threatened grievant in several occasions, including but not limited to, on 11-13-04 approximately at 12:15 p.m. when grievant was going to the law library, CO's William Kump and Dennis Fleckenstein stopped grievant in 22 company entrance to search his legal folder and CO William Kump started brazenly reading grievant's legal papers and notes, which moved him to ask grievant if he was going to sue the state for maltreatment while in the DOCS custody or for something that happened before his imprisonment. Grievant told this CO that he did not have to answer his question when he was pressing grievant to respond which prompted CO William Kump to rudely tell grievant, "Get out of here before I slap the shit out of you to give you a reason to sue the state!" Additionally, on 9-18-04, grievant approached CO William Kump and asked him a question and this CO told grievant to lock in again and if he kept talking, he would never see the light of the sun out of his cell and called grievant "dumb ass". Grievant's cell was not opened that day for lunch, dinner and night recreation despite grievant putting down for those activities thus depriving him of his basic human needs. Grievant has been subjected to this inhumane practice innumerable of times while in Attica C.F. and to personal humiliation by several CO's, but grievant has omitted those episodes in this grievance for space reasons. And on 9-11-04 approximately at 2:00 p.m., CO William Kump called grievant "stupid" twice because he did not know the proper manner of holding his mattress to walk through      the      metal      detector      in      the      B-Block      corridor.

Even though it has been a continuing wrong throughout, during these events grievant neither resisted nor threatened these CO's in any fashion or broke any prison rules.

cc: file

Response of IGRC:   *12/17/04*

Rec. 1: IGRC NOTES: When winter work issue clothing is issued,
Grivant should get everything <u>that</u> <u>is</u> <u>available</u>.


___ Returned to Inmate _____      IGRC Members _____

Chairperson _____ _____                 _____

*Return within 4 days and check appropriate boxes.*

[ ] I disagree with IGRC response.

[ ] I agree with the IGRC response.

[ ] I have reviewed deadlocked responses.  Pass-Thru to Superintendent

[xx] I wish to appeal to the Superintendent.

Signed _____      12-22-04
                Grievant                              Date


_____ Grievance Clerk's Receipt _____      Date


*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                          Date

Grievance forwarded to the Superintendent for action _____
                                                      Date



| STATE OF NEW YORK<br>DEPARTMENT OF<br>CORRECTIONAL SERVICES | GRIEV # A-47970-04<br>ATTICA CORRECTIONAL FACILITY<br>INSTITUTIONAL      CODE 34<br>DATE FILED:      12/13/04<br>TITLE OF GRIEV: wants winter<br>                              underwear |
|---|---|
| INMATE GRIEVANCE PROGRAM<br>SUPERINTENDENT | |

SUPERINTENDENT   DATE/ᵃ /3º/04

NAME: I. Abascal      DIN: 12/13      LOC 22/41

**Grievance denied**

 You have submitted a laundry list of complaints against a list of staff over an extended period of time.  First, no one was issued the winter clothing you reference because none was available at the time.  Cell searches were authorized and results of such indicated on contraband slips given to you.  Officers are doing their jobs when they search your materials on the way to the law library and you and your cell are subject to search at any time while in department custody.  If you waited three months before writing about an officer depriving you of meals and recreation, it obviously was not a problem for you at the time and is not possible to respond to at this time.  Should this occur again, or in reference to any of the issues presented here, you need to address your concerns to your area sergeant at the time of the issue.

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.  This appeal follows the above Superintendent's decision.

1.  CO Chester Kosmowski did issue the winter underwear to the South Utility crew exclusive of grievant; the Superintendent's decision concerning this issue is incorrect.

(see attached)
January 7, 2005

_____                                          _____
Grievant's Signature                                                          Date

_____                                          _____
Grievance Clerk's Signature                                                Date

(attached)

2. Even though grievant and his cell are subject to searches at any time while in department custody to search for contraband, it is well-settled that the Constitution protects the privacy of legal papers, and the CO's reading and taking of such papers during searches is unlawful. Thus, cell and legal materials searches amounting to calculated harrassment unrelated to prison needs, and done in retaliation for complaints about prison officials' misconduct, and exercise of constitutional rights may constitute cruel and unusual punishment in violation of the Eighth Amendment, and Article 1 §5 to the NYS Constitution.

3. On December 10, 2004 approximately at 11:50 a.m., CO Dennis Fleckenstein would not open grievant's cell for chow despite grievant putting down for it.

4. On January 1, 2005 approximately at 1:30 p.m., grievant went to the package room to receive a TV via the authorization for disposal of personal property. Grievant asked the CO processing the TV that he was missing the TV cable and he was told by this CO that they did not have an extra TV cable, and that grievant should talk with the Hall Captain of his block about that matter.

When grievant went back to B-Block, he spoke with the Hall Captain about the TV cable, and was told to speak with the CO in charge of his company. During these events, one of the inmate clerks told the Hall Captain that he had an extra cable for grievant.

After the above described events and approximately at 2:35 p.m., CO Dennis Fleckenstein came to grievant's cell B-22-41 with a TV cable that he had taken from the inmate clerk for grievant, and asked grievant if there was a reason why he should give grievant a free TV cable, grievant told him about the package room CO and Hall Captain's instructions, which prompted CO Dennis Fleckenstein to tell grievant, "You're such a stupid for writing me up!" and left with the TV cable.

5. On January 4, 2005 approximately at 7:50 a.m., CO Dennis Fleckenstein would not open grievant's cell for chow despite grievant putting down for it. After the above described incident and approximately at 1:40 p.m., grievant spoke with a visitor Deputy Superintendent of Security who was making a block round about CO Dennis Fleckenstein's confiscation of the TV cable, and was told by this visitor to report the incident to other officer in the block because he was just doing a visit.

6. Grievant has been subjected to the inhumane practice of not opening his cell for chow innumerable of times while in Attica C.F. This deprivation of his food is one of the basic necessities of life protected by the Eighth Amendment.

7. The Superintendent's decision regarding grievant's deprivation of meals and recreation is contrary to the language and the purposes clearly expressed in the face of 7 NYCRR §701.3, and DOCS Directive 4040 III A, which provide that:

> However, a facility may not require the use of a "pre-exhaustion" procedure as a condition for filing a grievance.


AT THIS POINT, GRIEVANT IS RE-GRIEVING CO DENNIS FLECKENSTEIN FOR DEPRIVING HIM OF ONE OF HIS BASIC HUMAN NEEDS (FOOD), AND CONFISCATING GRIEVANT'S TV CABLE WITHOUT PROVIDING GRIEVANT WITH A CONTRABAND RECEIPT.


cc: file



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

GLENN S. GOORD
COMMISSIONER

EDWARD J. McSWEENEY
ASSISTANT COMMISSIONER/
EXECUTIVE ASSISTANT

## MEMORANDUM

FROM:        Thomas G. Eagen, Director, Inmate Grievance Program

SUBJ:        Receipt of Appeal

```
I ABSCAL        97A2554      Date 01/26/2005
**ATTICA CF**
    Your grievance A-47970-04 entitled
    Winter Underwear
    was rec'd by CORC on 01/25/2005
```

22/41

----------------------------------------------------------------

A disposition will be sent to you after the grievance is reviewed by CORC.

| | STATE OF NEW YORK | Grievance Number<br>A-47970-04. | Desig./Code<br>I/34 | Date Filed<br>12/13/04 |
|---|---|---|---|---|
| | DEPARTMENT OF | Facility | | |
| | CORRECTIONAL SERVICES | Attica Correctional Facility | | |
| | | Title of Grievance | | |
| | | Winter Underwear | | |
| **INMATE GRIEVANCE PROGRAM** | | Director's Signature | | Date |
| **CENTRAL OFFICE REVIEW COMMITTEE** | | | | 2/9/05 |

2/9/05

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes, due to the lapse in time between 9/11/04, 9/18/04, 11/13/04, and the present, a full investigation as to the facts and circumstances of the alleged incidents is not feasible. CORC advises the grievant to promptly address his concerns to the area supervisor for the most expeditious means of resolution.

CORC notes that the grievant has raised a separate issue in his appeal statement that was not addressed in his original complaint. This issue could be the subject of a separate grievance.

lm/sg

----------------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------------

23

## INMATE GRIEVANCE COMPLAINT

Grievance No.

4 8 2 5 3 - 0 5

ATTICA ⑥ _____ CORRECTIONAL FACILITY

Date  January 29, 2005

Name  Isidro Abascal          Dept.No.  97-A-2554      Housing Unit  B-22-41

Program  South Utility    AM    South Utility    PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)

This is a harassment and retaliation grievance pursuant to DOCS Directive 4040 VIII and VI B, and 7 NYCRR §§ 701.11 and 701.10(c)(2)(3) for grievant exercising his constitutional rights in petitioning for the redress of grievances, and being involved in legal actions against OMH and DOCS officials.

On January 18, 2005 approximately at 12:30 p.m. when grievant came back from chow, he saw his legal documents (civil rights amended complaint) scattered over the desk in

(see attached)

Grievant Signature _____

Grievance Clerk _____          Date:  0 2 FEB 2005

Advisor Requested  [xx] YES   [ ] NO   Who:  DSS Randy James

Action requested by inmate: To stop being harassed to keep the confidentiality of legal papers, and the legal wrong defined as the invasion of a legally protected right when prison officials take capricious and unlicensed liberties actively interfering with grievant's attempts to prepare legal documents.

This Grievance has been informally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____          Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

(attached)

64

48253-05

front of 22 company. Grievant told CO William Damstetter that those were his documents, and that if he could take them with him, CO William Damstetter told grievant that he had to speak with CO William Kump, and that grievant had to lock in. Grievant proceeded to his cell-41, and found that it had been searched. Approximately five minutes later, his cell was opened, and he was given his legal documents, and the contraband receipt by CO William Kump.

02 FEB 2005

cc: file

FORM 2131E (5/88)

Response of IGRC:     2/4/05

    Rec.1; IGCE recomm: Grievance be re-coded t Code: 49 ( Ref to
Block Sgt.

Date Returned to Inmate ___**04 FEB 2005**___   IGRC Members _Sgt. M. Cunningham_

Chairperson ___B. W.___          _Tom Schmidt ITS._

                                        _____

*Return within 4 days and check appropriate boxes.*

[ ] I disagree with IGRC response.

[ ] I agree with the IGRC response.

[ ] I have reviewed deadlocked responses.  Pass-Thru to Superintendent

[xx] I wish to appeal to the Superintendent.

Signed _____               2-8-05
             Grievant                    Date

             Grievance Clerk's Receipt           Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                               Date

Grievance forwarded to the Superintendent for action _____
                                   Date



| STATE OF NEW YORK<br>DEPARTMENT OF<br>CORRECTIONAL SERVICES<br><br>INMATE GRIEVANCE PROGRAM<br><br>SUPERINTENDENT | GRIEV # A-48253-05<br>ATTICA CORRECTIONAL FACILITY<br>INSTITUTIONAL      CODE 23<br>DATE FILED:      2/3/05<br>TITLE OF GRIEV: cell search |

SUPERINTENDENT   DATE 2/16/05

NAME: I. Abascal      DIN: 97A2554      LOC 22/41

**Grievance denied**

Contrary to the unanimous IGRC response, the IGRC does not possess the authority to determine if a grievance should be considered a harassment complaint. They may refer a grievance to the Superintendent for response or action, but the determination of the coding of a grievance rests on the Superintendent and the IGP Supervisor. This grievance is a not a harassment grievance. An officer searched a cell, found questionable documents which he removed from the cell for clarification, and when such was given, returned them to grievant with a contraband slip indicating the cell search which was an authorized search.

Without any idea what these documents were, further investigation and response to your issue is not possible.

CC: Sgt. M. Cunningham
     T. Schmidt, Industry Supervisor
     Elected IGRC Representatives

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.  **The Superintendent's rationale that grievant's 42 USC § 1983 Amended Complaint were questionable documents which were removed from grievant's cell for clarification, and when such was given, returned to grievant with a (see attached)**

_____                              February 16, 2005
Grievant's Signature                                                      Date

_____                              _____
                                                                                    Date

(attached)

contraband slip indicating the cell search which was an authorized search does not sound persuasive.

Prisoners have already lost most of their liberty, but there are a few liberty interests that prisoners retain. Even though grievant and his cell are subject to searches at any time while in department custody to search for contraband, it is well-settled that the Constitution protects the privacy of legal papers.

CO William Kump searched grievant's cell when grievant was not there, took his legal documents out of it, and scattered them over his desk approximately (240) feet away from grievant's cell. It is clear that CO William Kump must have easily recognized the sort of documents that he found in grievant's cell seeing that they read United States District Court, Northern District of New York in capital-bold letters, plus Superintendent James T. Conway's name on the face of the legal documents caption because he is one of the defendants.

CO William Kump's actions in taking and reading grievant's legal documents out of his cell amounted to calculated harassment unrelated to prison needs, were done in retaliation for grievant's grievances, complaints, and being engaged in litigations concerning OMH and DOCS officials and employees' abuse and misconduct against grievant, were unlawful and infringed grievant's exercise of his constitutional rights, which constituted cruel and unusual punishment in violation of the Eighth Amendment, and Article 1, § 5 to the NYS Constitution.

Harassment is defined as an employee's unprofessional and inappropriate misconduct meant to annoy, intimidate or harm (grievance # A-47970-04).

The circumstantial evidence such as the time sequence of (grievance # A-47970-04), plus civil rights complaint, and the alleged infringement of grievant's rights is obvious and extreme, and constitutes a prima facie retaliation case.

cc: file



STATE OF NEW YORK

### DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

GLENN S. GOORD

COMMISSIONER

EDWARD J. McSWEENEY

ASSISTANT COMMISSIONER/

EXECUTIVE ASSISTANT

## MEMORANDUM

FROM:     Thomas G. Eagen, Director, Inmate Grievance Program    *T g Eagen*

SUBJ:     Receipt of Appeal

```
I ABASCAL      97A2554      Date 03/11/2005
**ATTICA CF**
    Your grievance A-48253-05 entitled
    Cell Search
    was rec'd by CORC on 03/08/2005
```

*36-27*

-------------------------------------------------------------------------

A disposition will be sent to you after the grievance is reviewed by CORC.

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number<br>A-48253-05 | Desig./Code<br>I/23 | Date Filed<br>2/3/05 |
|---|---|---|---|
| | Facility<br>Attica Correctional Facility | | |
| | Title of Grievance<br>Cell Search | | |
| **INMATE GRIEVANCE PROGRAM**<br>**CENTRAL OFFICE REVIEW COMMITTEE** | Director's Signature | | Date<br>3/23/05 |

3/23/05

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED WITH CLARIFICATION

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied with clarification to the extent that the matter was investigated and the issue of the complaint has been found to be without merit. CORC upholds the determination of the Superintendent for the reasons stated.

Grievant is reminded that searches are a necessary part of correctional security activity and are designed to promote the safety of all concerned by interception of contraband and by deterring inmates from possessing contraband. CORC also notes that there is no mandate that an inmate be present when his cell is searched. It is also noted that the instant cell search was an authorized random search. The documents in question were removed from the grievant's cell for approximately ten minutes, examined by staff on the unit, and returned to the grievant's cell when determined not to be contraband.

Contrary to the grievant's assertion, CORC has not been presented with sufficient evidence of retaliation by staff for the grievant's good faith utilization of the grievance program. CORC notes that Directive #4040, section I, states, in part, that the grievance program is not intended to support an adversary process.

cl/

----------------------------------------------------------------------------------------------------

----------------------------------------------------------------------------------------------------

FORM 2131E (5/86)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

**INMATE GRIEVANCE COMPLAINT**

Grievance No.

**4 8 3 4 6 - 0 5**

_____ ATTICA _____ CORRECTIONAL FACILITY

Date **February 24, 2005**

Name **Isidro Abascal**     Dept.No. **97-A-2554**   Housing Unit **B-22-41**

Program **South Utility**   AM   **South Utility**   PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem: (Please make as brief as possible)   This is a harassment and retaliation grievance pursuant to DOCS Directive 4040 VIII and VI B, and 7 NYCRR §§ 701.11 and 701.10(c)(2)(3) for grievant exercising his constitutional rights in petitioning for the redress of grievances, and being involved in legal actions against OMH and DOCS officials.

   On 2-21-05 approximately at 7:40 a.m., grievant was waiting in front of 22 company to go to chow. Approximately 20 minutes later, he was told by CO Chester Kosmowski (see attached)

Grievant
Signature _____

Grievance Clerk _____   Date: **25 FEB 2005**

Advisor Requested  [XX] YES   [ ] NO   Who: DSS Randy James

Action requested by inmate:   To stop being deprived of his food: a basic human need; being verbally threatened, including life threats; and being physically assaulted by CO's.

This Grievance has been informally resolved as follows:

This grievance has been coded as a harassment grievance. It has been sent directly to the Superintendent's Office for investigation. As soon as the investigation is complete, you will receive a response from the Superintendent or his designee. You need do nothing until you get that response. This copy and grievance number are for your personal files.

This Informal Resolutic
(To be completed only i

Grievant
Signature

1793-94

Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

4 8 3 4 6 - 0 5

25 FEB 2005

(attached)

that he was going to be fed in. Grievant was given 2 milk cartons, one small apple juice container, and a paper bag with 6 small bags of sugar and a plastic fork. Approximately at 10:05 a.m., CO Dennis Fleckenstein was making rounds in 22 company, and grievant asked him for his food tray, and he was told that the feed-up personnel screwed up with the trays. Grievant told CO Dennis Fleckenstein that as an inmate he was supposed to be fed   by the State, and grievant was told to take it on the feed-up personnel.

After the above described events and approximately at 12:50 p.m., Sergeant Peter Corcoran was making rounds in the block, and grievant reported the above events to him. When Sergeant Peter Corcoran left, CO Dennis Fleckenstein approached grievant's cell, opened his arms wide, grabbed the cell bars with a hard grip, stared into grievant's cell for a few seconds, and with an intimidating look told grievant twice, "You better watch your step!" Inmate Charles Baker 04-B-2371, cell 27, was also deprived of his food tray that day.

On 2-22-05 approximately at 7:40 a.m., CO Dennis Fleckenstein would not open grievant's cell for chow thus depriving him of his meal. Later, approximately at 9:50 a.m. when grievant was walking in 22 company on his way to sick call, CO Dennis Fleckenstein approached him, and hit grievant without provocation on the right-hand side of his rib cage area with his elbow; during these events grievant did not resist or threaten CO Dennis Fleckenstein in any fashion or broke any prison rules. Rather, grievant told him that he was going to report the physical assault. Afterward, approximately at 10:15 a.m. when grievant came back from sick call, he reported his physical assault to Hall Captain CO T. Steele, and told him to report it to the Block Sergeant, which prompted CO Dennis Fleckenstein who was there to tell grievant, "The next time, I'm going to wrap you up in a bag!" When grievant was entering 22 company on his way to his cell, CO Chester Kosmowski asked grievant why he bumped his partner, grievant told him that he did not bump him, on the contrary, he was assaulted by CO Dennis Fleckenstein, which prompted CO Chester Kosmowski to tell grievant that he saw grievant doing that, and grievant told him that he said that because he was a part of the conspiracy.

CO Dennis Fleckenstein's verbal threat, "You better watch your step!" on 2-21-05, combined with the actual physical assault of grievant, and culminating with the life-threatening remark, "The next time, I'm going to wrap you up in a bag!" on 2-22-05 have a connection. Grievant requests this grievance to be a record of direct evidence for future reference because it is not the first time that grievant has been verbally threatened by CO's (see grievance # A-47970-04), and the first time that he has brazenly been physically assaulted by a CO in Attica C.F.

Grievant believes that it is probable that CO's Dennis Fleckenstein, William Kump, and Chester Kosmowski have a conspiracy to hurt him, and fraudulently fabricate an assault, or any other serious misbehavior report to grievant.

Grievant has been subjected to the inhumane prison practice of being deprived of his food innumerable times, being verbally humiliated, life-threatened, and physically assaulted by CO's in Attica C.F.


cc: file

| | STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No.<br>A-48346-05 | Date Filed<br>02/25/05 |
|---|---|---|---|
| | | Facility<br>Attica Correctional Facility | Policy Designation<br>Institutional |
| INMATE GRIEVANCE PROGRAM | | Title of Grievance<br>"C. O. Deprived and Assaulted" | Class Code<br>49 |
| SUPERINTENDENT | | Superintendent's Signature | Date<br>03/14/05 |
| Grievant<br>Isidro Abascal | | DIN<br>97-A-2554 | Housing Unit<br>36/27 |

This grievance has been investigated by a sergeant and includes an interview with the grievant, along with a written response from the officers named in the complaint. Upon interview, the grievant could provide no witnesses and had nothing further to add. The grievant states: He was denied meals and threatened and assaulted by staff. The officers have gone on record denying that they intentionally denied the grievant his meals. They did state that on the date in question, the grievant did not receive his breakfast tray, only his juice and milk. When it was brought to their attention, this feed-up cart had been returned to the messhall. Staff have denied threatening the grievant. The officer named as the one who assaulted the grievant, denies the allegation. The investigating sergeant could not substantiate the grievant's allegations of threats or assault. The sergeant states that the grievant did not receive his entire meal on February 21, 2005. This was the only meal denied and it was a mistake by staff. The sergeant states that he tried to resolve the issue, but the grievant was not amenable to his resolution.

The evidence provided this reviewer does not substantiate the grievant's claims of threats or assault. However, this grievance is accepted in part, as the grievant did not receive his entire meal on February 21, 2005. It should be noted this act was not intentional and done without malice.

MD/jms
cc: D.S.S. File

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C. The Superintendent's decision based on grievant's interview by a sergeant, and a written response from the officers named in the complaint is arbitrary and capricious.
Even though there were no witnesses to grievant's assault because the (see attached)

March 17, 2005

| | |
|---|---|
| Grievant's Signature | Date |
| Grievance Clerk's Signature | Date |

(attached)

inmates were in their programs, and others in their cells, and the assault was a hit and move in front of the shower area of 22 company, grievant was assaulted by CO Dennis Fleckenstein, and witnessed by CO Chester Kosmowski. Also, a mock interview before an institutionally biased sergeant does not constitute due process because of his unquestionable loyalty to his fellow workers, therefore, he cannot provide the independent assistance required for an inmate fairly to participate in the grievance program. Grievant did have more to add in that interview, stating that CO Dennis Fleckenstein had assaulted him, and deprived him of his meals in more occasions, CO William Kump threatening him physically, and CO Chester Kosmowski arbitrarily firing him from his job in retaliation for grievant exercising his constitutional rights. Moreover, the CO's accused by grievant in this grievance have conspired to create a blue wall of silence and lies to obstruct justice, and can be expected to protect the status quo in their written response denying grievant's allegations.

After the above described events, on 2-26-05 approximately at 7:35 a.m., CO Dennis Fleckenstein did not open grievant's cell for chow. On 2-27-05 approximately at 7:35 a.m., CO's Dennis Fleckenstein and Chester Kosmowski did not open grievant's cell for chow, and approximately at 12:30 p.m., these CO's turned his cell power off. On 2-26-05 approximately at 7:40 a.m., CO's Dennis Fleckenstein and Chester Kosmowski did not open grievant's cell for chow. On 3-3-05 approximately at 7:45 a.m., CO's Dennis Fleckenstein and William Kump did not open grievant's cell for chow, and approximately at 11:45 a.m. these CO's did not open his cell for chow again. On 3-4-05 approximately at 7:40 a.m., CO's Dennis Fleckenstein and Chester Kosmowski did not open grievant's cell for chow, and approximately at 11:50 a.m. when grievant was coming out of 22 company, CO Dennis Fleckenstein made a fist close to grievant's face and told him, "We're going to pound you!" and "We're going to stop your bullshit!" Approximately at 12.25 p.m. when grievant came back to his cell, his cell had been searched by CO Dennis Fleckenstein, and a sheet of paper with his legal notes was missing, and an apple that was in a bowl on his locker, was placed on the floor in the toilet area; grievant was not given any contraband receipt concerning this cell search. On 3-5-05 approximately at 7:42 a.m., CO's Dennis Fleckenstein and Chester Kosmowski did not open grievant's cell for chow, and approximately at 11:20 a.m., CO Dennis Fleckenstein passed by grievant's cell and saw him typing, and turned his cell power off. Approximately at 11:45 a.m., CO's Dennis Fleckenstein and Chester Kosmowski did not open his cell for chow again. On 3-6-05 approximately at 7:32 a.m., CO Dennis Fleckenstein did not open grievant's cell for chow, and approximately at 11:44 a.m., this CO did not open grievant's cell for chow again.

These prison officials embarked in a campaign designed to terrorize, and abuse grievant physically, psychologically and mentally, they exhibited malice, ill will, a desire to injure, and reckless indifference to grievant's rights, inflicting misery and mayhem on him. Their actions were a departure from accepted standards of prison officials' conduct, and violated clearly established rules, of which reasonable officials in their positions would have known.

AT THIS POINT, GRIEVANT IS RE-GRIEVING CO'S DENNIS FLECKENSTEIN, WILLIAM KUMP, AND CHESTER KOSMOWSKI FOR DEPRIVING HIM OF HIS MEALS, VERBALLY THREATENING HIM, AND ILLEGALLY SEARCHING HIS CELL.



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

GLENN S. GOORD
COMMISSIONER

EDWARD J. McSWEENEY
ASSISTANT COMMISSIONER/
EXECUTIVE ASSISTANT

## <u>MEMORANDUM</u>

FROM:       Thomas G. Eagen, Director, Inmate Grievance Program *T G Eagen*

SUBJ:       Receipt of Appeal

*36-27*

```
I ABASCAL        97A2554        Date 04/11/2005
**ATTICA CF**
     Your grievance A-48346-05 entitled
     CO Deprived & Assaulted Me
     was rec'd by CORC on 04/07/2005
```

-------------------------------------------------------------------------

A disposition will be sent to you after the grievance is reviewed by CORC.

| | STATE OF NEW YORK | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|---|
| | DEPARTMENT OF | A-48346-05 | I/49 | 2/25/05 |
| | CORRECTIONAL SERVICES | Facility | | |
| | | Attica Correctional Facility | | |
| | | Title of Grievance | | |
| **INMATE GRIEVANCE PROGRAM** | | CO Deprived & Assaulted Me | | |
| **CENTRAL OFFICE REVIEW COMMITTEE** | | Director's Signature | | Date |
| | | | | 4/20/05 |

4/20/05

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED WITH CLARIFICATION

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied with clarification to the extent that the matter was investigated and the issue of the complaint has been found to be without merit. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the facility administration has conducted a proper investigation and that the employees in question have gone on record to deny grievant's allegations.

CORC believes that the grievant has not substantiated his claim that he has been the victim of harassment by staff nor has sufficient evidence been produced to support such a conclusion.

CORC notes that Officer S.. stated that the grievant did not report to him any assault allegations. Officer K.. stated that he was not aware of or part of any alleged conspiracy against the grievant.

With respect to the grievant's appeal, CORC notes that Officer F.. stated that all of the grievant's allegations were false, except for the breakfast meal on 2/21/05. However, the grievant did not notify staff until after the feed-up carts were returned to the messhall. The grievant is advised to notify staff in a more timely manner should he experience a discrepancy with a meal in the future.

CORC notes that the grievant has raised a separate issue in his appeal statement that was not addressed in his original complaint. This issue could be the subject of a separate grievance.

tk/pg

------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------