**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

ISIDRO ABASCAL,

                              **Plaintiff,**                  06-CV-0349S(Sr)

**v.**

**DENNIS FLECKENSTEIN, et al.,**

                              **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John T. Elfvin, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #4. Thereafter, this case was assigned to the Hon. William M. Skretny. Dkt. #23.

Currently before the Court are plaintiff's motions to compel discovery (Dkt. ##48 and 59) and plaintiff's motion seeking appointment of counsel (Dkt. #67). For the following reasons, plaintiff's first motion to compel is denied, plaintiff's second motion to compel is denied in part and granted in part and plaintiff's motion seeking appointment of counsel is denied.

Plaintiff is a former inmate who, at the time of the events alleged in the complaint was in the care and custody of the New York State Department of Correctional Services ("DOCS"). On or about May 26, 2006, plaintiff commenced this

*pro se* action seeking damages pursuant to Title 42, United States Code, Section 1983 against the various defendants who at all times relevant to the allegations in the complaint were employed at the Attica Correctional Facility ("Attica"). Specifically, plaintiff alleges that his constitutional rights pursuant to the Eighth Amendment were violated because defendants, deprived him of food, took and read his legal documents, assaulted him and failed to intervene at the time of the alleged assault.

## FACTUAL AND PROCEDURAL BACKGROUND

As noted above, plaintiff, proceeding *pro se*, commenced this action on or about May 26, 2006 against defendants Dennis Fleckenstein, William Kump[1], Chester Kosmowski, James T. Conway and Thomas G. Eagen. Dkt. #1. On July 30, 2008, United States District Judge William M. Skretny granted in part and denied in part defendants' motion to dismiss (Dkt. #15). Dkt. #26. Among other things, District Judge Skretny's Decision and Order found that plaintiff had failed to allege a claim for failure to protect against defendants Conway and Eagen and directed that they be dismissed from the case. Dkt. #26, p.17. Based on the foregoing, the remaining defendants are, Dennis Fleckenstein and Chester Kosmowski.

On or about October 20, 2008, plaintiff served and filed a "Request for Production of Documents, Etc. Under Rule 34" (Dkt. #27) and a "Request for Interrogatories to Parties Under Rule 33." (Dkt. #28). On January 30, 2009, defendants

---

[1] On January 30, 2009, counsel for defendants notified the Court of the death of defendant William Kump on April 16, 2007. Dkt. #31.

Fleckenstein and Kosmowski served and filed their Response to plaintiff's "Request for Production of Documents" (Dkt. #29) and Answer to Interrogatories (Dkt. #30). As part of defendants' Response to plaintiff's "Request for Production of Documents," defendants supplied plaintiff with copies of responsive documents and bates stamped those documents Bates Nos. 1-82. *See* Dkt. #29, pp.5-86. More specifically, defendants describe that the Response contained the following documents:

a. Copies of the B Block log book entries for February 21 and 22, 2005 (Bates Nos. 1 to 4);

b. A copy of Directive No. 4040 on "Inmate Grievance Program" including revisions (Bates Nos. 62 to 77);

c. A copy of Directive 4910 on "Control of & Search for Contraband" (Bates Nos. 5 to 33);

d. A copy of Attica CF Facility Operations Manual § 3.111, including revisions, on "Cell Block Procedures" (Bates Nos. 34 to 56);

e. A copy of Directive 2111 on "Employee Misconduct" and Directive 2112 on "Report of Criminal Charges" (Bates Nos. 0078 to 0081); and

f. A copy of the New York State Department of Civil Service Classification Standard for Correction Officer, Grade 14 (Bates Nos. 57 to 61).

Dkt. #51, ¶ 10. In opposition to plaintiff's first motion to compel (Dkt. #48), defendants maintain that "every question in the plaintiff's Interrogatories Propounded to Defendants was responded to by the current defendants' [sic] in their Answer to Interrogatories." Dkt. #51, ¶ 11.

On May 8, 2009, the defendants served and filed their Answer. Dkt. #39. On June 11, 2009, plaintiff served and filed his initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Dkt. #43. Defendants served and filed their initial disclosure on July 3, 2009. Dkt. #44. In addition to the documents previously disclosed to plaintiff, defendants' initial disclosure contained documents bearing Bates Nos. 83-86, 90-141. More specifically, defendants' initial disclosure contained the following documents:

    a.    Call out sheet for 22 Company, for February 22, 2005 (Bates Nos. 0083 and 0090);

    b.    B. Block Cell Frisk Book 05/03/04 - 01/11/06 (Bates Nos. 0084-0086, and 0091-0095); and

    c.    CORC files for Grievances A-48253-05, A-48346-05; and A-47970-04 (Bates Nos. 0096 - 0141).

Dkt. #51, ¶ 17.


**Motions to Compel**

On October 27, 2009, plaintiff filed his first motion to compel (Dkt. #48) seeking an Order granting the following relief:

    1.    Granting leave to plaintiff to file a Subpoena Duces Tecum;

    2.    Directing the defendants to produce the log book, list, or other documentation reporting or reflecting the Correctional Officers (COs) who worked in B-Block, Companies 21 and 22 on the dates and shifts requested in plaintiff's Request for Interrogatories to Parties ¶¶ 4 through 23;

    3.    Directing the defendants to produce the log book, list, or other documentation reporting or reflecting what

cell-block, floor, and shifts Dennis Fleckenstein, William Kump, and Chester Kosmowski were assigned on the dates and shifts requested in plaintiff's Request for Interrogatories to Parties ¶¶ 4 through 23;

4.  Directing the defendants to produce the log book, list or other documentation reporting the incidents and procedures that were carried out concerning plaintiff's physical assault by defendant Dennis Fleckenstein on February 22, 2005 without the blackened portions on the specific times asserted by plaintiff in his Request for Production of Documents, Etc. ¶ 2, and his Affidavit in Objection and Opposition to Defendants' Response ¶ 3;

5.  Directing the defendants to produce the policy, directive, manual, or other document that state that procedure in effect during February 22, 2005 at Attica Correctional Facility (ACF) for conducting assault investigations of COs on inmates, including the procedure by which inmates report the assault (Request for Production of Documents, Etc. ¶ 3);

6.  Directing the defendants produce the policy, directive, manual, or other document that state the procedure in effect since November 18, 2003 to April 20, 2005 at ACF for conducting inmate chow lists in the cell-blocks, including the procedure by which CO's open inmates' cells to go to the mess-hall (Request for Production of Documents, Etc. ¶ 5);

7.  Directing the defendants to produce the policy, directive, manual, or other documents that state the procedure in effect during January 18, 2005 of the Department of Correctional Services (DOCS), and at ACF for conducting cell searches where legal documents are found (Request for Production of Documents, Etc. ¶ 4);

8.  Directing the defendants to produce any and all grievances, complaints, or other documents received by the DOCS, or the State of New York, or their agents concerning mistreatment, abuse, and assault of inmates by defendants Dennis Fleckenstein,

William Kump, and Chester Kosmowski, and any memoranda, investigative files, or other documents created in response to such documents on, before, or after September 11, 2004 (Request for Production of Documents, Etc. ¶ 4);

9. Directing the defendants to produce all the missing and blanked pages of the revision notice, Attica Correctional Facility (ACF) Operations Manual, Directive 2111 (See plaintiff's Affidavit in Objection and Opposition to Defendants' Repose ¶¶ 4, 5, 6, 7);

10. Directing the defendant to pay plaintiff reasonable expenses incurred in making this motion, including attorneys' fees in a designated sum to cover the extra time and expense engendered by the unwarranted resistence.

Dkt. #48, pp.1-2. On December 3, 2009, defendants filed their opposition to plaintiff's motion to compel and argue that the relief sought by plaintiff should be denied in all respects. Dkt. ## 51 and 52. On or about January 5, 2010, plaintiff filed an "Affidavit in Objection and Opposition to Defendants' Response." Dkt. #55. Thereafter, on January 12, 2010, plaintiff filed and served a Request for Production of Documents (Dkt. #56), and again on May 6, 2010, plaintiff served and filed another Request for Production of Documents (Dkt. #57) and Interrogatories Propounded to Defendants (Dkt. #58). Just ten (10) days later, plaintiff filed his second motion to compel (Dkt. #59).

In his second motion to compel, plaintiff seeks an Order granting the following relief:

1. Granting plaintiff an extension of time of the deadline of March 31, 2010 for discovery to be completed;

2. Granting plaintiff leave to serve additional interrogatories;

3.     Granting leave to plaintiff to file a Subpoena Duces Tecum;

4.     Directing the defendants to produce the log book, list, or other documentation reporting or reflecting the Correctional Officers (COs) who were assigned to work in B-Block, Companies 21 and 22 on the dates and shifts requested in plaintiff's enclosed Request for Interrogatories to Parties ¶¶ 1 through 19;

5.     Directing the defendants to produce the log book, list, or other documentation reporting or reflecting what cell-block, companies, and shifts defendants Dennis Fleckenstein, William Kump, and Chester Kosmowski were assigned to work on the dates and shifts requested in plaintiff's enclosed Request for Interrogatories to Parties ¶¶ 1 through 19;

6.     Directing the defendants to pay plaintiff reasonable expenses incurred in making this motion, including attorney's fees in a designated sum to cover the extra time and expense engendered by the unwarranted resistance.

Dkt. #59, pp.1-2.  Defendants filed their response to plaintiff's second motion to compel on June 25, 2010.  Dkt. #65.  Although defendants do not oppose plaintiff's request for an extension of the deadline for discovery in the Case Management Order, defendants request that all other deadlines also be extended.  Dkt. #65, ¶ 20. With respect to plaintiff's other requests, defendants set forth in detail their response/opposition. Thereafter, plaintiff filed an Affidavit in Objection and Opposition to Defendants' Declaration.  Dkt. #66.

**Plaintiff's First Motion to Compel**

    **1.**  **Subpoena Duces Tecum**

    As set forth above, plaintiff's request states in its entirety, "Granting leave to plaintiff to file a Subpoena Duces Tecum." Dkt. #48, ¶ 1. Plaintiff offers nothing more in connection with this request and does not indicate what documents or information he wishes to obtain by reason of such a subpoena or even to whom such a subpoena would be directed. Rule 45 of the Federal Rules of Civil Procedure addresses the use of subpoenas in a civil case. Moreover, the Western District of New York's Pro Se Litigation Guidelines sets forth in detail how a *pro se* litigant may request a subpoena in a section entitled Request for Subpoenas in Pro Se Action. The Pro Se Litigation Guidelines are available on the Court's public website, www.nywd.uscourts.gov, however, a copy of the Guidelines will be separately sent to plaintiff herein.

    As set forth in the Guidelines,

> Rule 45 of the Federal Rules of Civil Procedure does not require a motion for issuing a subpoena. Local practice, however, does require that a request for subpoena be in writing, including the name and address of the person/entity to whom the subpoena is directed and what is being sought. Where one is granted permission to proceed *in forma pauperis*, he or she may be granted service of subpoenas by the United States Marshal without paying the fee. If service by the United States Marshal is sought, that request must be in writing as well.

See http://www.nywd.uscourts.gov/document/Guidelines2001.pdf, at p.21. Accordingly, as provided in the Guidelines, plaintiff may submit his request for a subpoena, in

writing, including the name and address of the person/entity to whom the subpoena is directed and what is being sought, to the Office of the Clerk.  For the foregoing reasons, plaintiff's request is denied as moot.

## 2.  B-Block, Companies 21 and 22

By this request, plaintiff is seeking an Order directing defendants to produce the log book, list or other documentation reporting or reflecting the Correctional Officers who worked in B-Block, Companies 21 and 22 on the dates and shifts requested in plaintiff's Request for Interrogatories.  Dkt. #48, ¶ 2.  In their Response, defendants state that as requested in his Request for Documents, plaintiff has been provided copies of the B-Block log book entries for February 21 and 22, 2005.  Dkt. #51, ¶ 25.  Indeed, defendants further state that copies of the B Block log book entries for February 21 and 22, 2005 (Bates Nos. 1 to 4) were produced.  Dkt. #51, ¶ 10. Plaintiff's Request for Documents did not seek the documents he now asks this Court to direct the defendants to produce.  Accordingly, defendants argue that plaintiff's request must be denied.  Insofar as plaintiff has not properly sought the production of the documents from defendants, plaintiff's request is denied.  As will be discussed in greater detail below, the deadline for completion of discovery will be extended and to the extent plaintiff seeks additional documents from defendants, plaintiff will have the opportunity to properly request those documents.

### 3.     Cell-Block, Floor and Shift Assignments

By this request, plaintiff seeks an Order from this Court directing defendants to produce the "log book, list or other documentation reporting or reflecting what cell-block, floor, and shifts defendants Dennis Fleckenstein, William Kump, and Chester Kosmowski were assigned on the dates and shifts requested in plaintiff's Request for Interrogatories." Dkt. #48, ¶ 3. In their response to the instant motion, defendants assert that this request should be denied for the same reasons they argued plaintiff's previous request should have been denied. Dkt. #51, ¶ 28. As noted above, defendants state in their Response to plaintiff's First Motion to Compel that copies of the B Block log book entries for February 21 and 22, 2005 (Bates Nos. 1 to 4) were produced to plaintiff. Dkt. #51, ¶ 10. Accordingly, because the documents plaintiff requested in his Request for Documents were already produced and further, because plaintiff has failed to properly request the documents he now seeks from defendants, plaintiff's request is denied. As will be discussed in greater detail below, the deadline for completion of discovery will be extended and to the extent plaintiff seeks additional documents from defendants, plaintiff will have the opportunity to properly request those documents.


### 4.     Unredacted Documents Relating to February 22, 2005 Incident

Plaintiff next seeks an Order from this Court directing defendants to produce the unredacted "log book, list, or other documentation reporting the incidents and procedures that were carried out concerning plaintiff's physical assault by

defendant Dennis Fleckenstein on February 22, 2005 . . . " Dkt. #48, ¶ 4.  In their

Response to plaintiff's First Motion to Compel, defendants state, "[a] review of the

documents in question, which are Bates Nos. 1 to 4 of the Response to Discovery

Request, reveals that the "blackened portions" are simply redactions of other inmates'

names.  The plaintiff provides no reason why these redactions impede the use of these

documents in the prosecution of his defense [sic]."  Dkt. #51, ¶ 30.  In his Affidavit in

Objection and Opposition to Defendants' Response to Plaintiff's Motion to Compel

Disclosure, plaintiff, without elaboration, states that defendants' arguments in

paragraphs 29, 30 and 31 are "misplaced and perjurious [sic]; therefore, defendants'

answer is evasive and incomplete, and should be compelled."  Dkt. #55, ¶ 7.


       Other than plaintiff's bald, conclusory statements that defendants'

response was "misplaced, perjurious [sic], evasive and incomplete" plaintiff has failed to

offer a legitimate basis for this Court to order the disclosure of the unredacted versions

of the documents previously supplied.  Moreover, the redaction of other inmates' names

from the documents was entirely appropriate.  Accordingly, plaintiff's request for the

production of the unredacted documents is denied.


### 5.      DOCS Policy - Assault Investigations

       In his Request for Production of Documents, plaintiff requested that the

defendants produce the following, "State the procedure in effect during February 22,

2005 at Attica Correctional Facility (ACF) for conducting assault investigations of

correctional officials (CO's) [sic]) on inmates, including the procedure by which inmates

report the assault.  If the procedure is set forth in any policy directive, manual, or other document, produce the document."  Dkt. 48-2, ¶ 3.  In their Response to plaintiff's Request for Production of Documents, defendants provided a copy of DOCS Directive 4040, Inmate Grievance Program, including revisions.  In response to plaintiff's First Motion to Compel, defendants assert that plaintiff has not demonstrated how defendants' response was a failure to disclose, or at all evasive or an incomplete disclosure.  Dkt. #51, ¶ 35.  In his Affidavit in Objection and Opposition to Defendants' Response to Plaintiff's Motion to Compel Disclosure, plaintiff states, "if there is no other policy [other than Directive 4040], manual or other document, defendants conspired to create a blue wall of silence and lies to obstruct justice in that even Hall Captain CO T. Steele denied that plaintiff reported his physical assault to him on February 22, 2005." Dkt. #55, ¶ 8.

This Court agrees with defendants that plaintiff has failed to demonstrate how the documents provided by defendants in response to the document request cited above are not responsive.  Moreover, plaintiff's dissatisfaction with the documents responsive to the request is not a legitimate basis on which to seek to compel the production of additional or different documents.  Finally, plaintiff's speculation that defendants have "conspired to create a blue wall of silence and lies to obstruct justice" is insufficient to justify granting plaintiff's motion to compel.  For the foregoing reasons, that portion of plaintiff's motion to compel which seeks a DOCS policy concerning how to conduct an investigation into allegations of assault on an inmate by Corrections Officers is denied.

### 6. Policy - Inmate Chow Lists and Mess Hall

In his Request for Production of Documents, plaintiff's fifth request sought the following documents and information, "state the procedure in effect since November 18, 2003 to April 20, 2005 at ACF for conducting inmate chow lists in the cell-blocks, including the procedure by which CO's open inmates' cells to do to the mess-hall.  If the procedure is set forth in any policy, directive, manual, or other document, produce the document."  Dkt. #48-2, ¶ 5.  In response, defendants produced a copy of Attica's Facility Operations Manual § 3.111, including revisions, on "Cell Block Procedures."  Once again, in his Affidavit in Objection and Opposition to Defendants' Response to Plaintiff's Motion to Compel Disclosure, plaintiff claims that defendants' response was "misplaced, perjurious, evasive and incomplete."  Dkt. #55, ¶ 9.  Without more, it is unclear on what basis plaintiff claims defendants' response and the documents produced was insufficient.  Accordingly, defendants have demonstrated that they have responded to plaintiff's discovery demand and as such, that portion of plaintiff's motion to compel seeking an Order directing defendants to produce the policy relating to inmate chow lists and the procedure for opening cells is denied.

### 7. Policy - Cell Searches

Plaintiff next seeks an Order from this Court directing the defendants to produce the policy, directive, manual or other document setting forth the procedure in effect January 18, 2005 for conducting cell searches where legal documents are found.  Dkt. #48, ¶ 7.  Plaintiff's original request stated,

State the procedure in effect during January 18, 2005 of the Department of Correctional Services (DOCS), and at ACF for conducting cell searches where legal documents are found. If the procedure is set forth in any policy, directive, manual, or other document, produce the document.

Dkt. #48-2, p.2. In their response to the above-quoted discovery request, defendants produced a copy of DOCS Directive 4910 on "Control of & Search for Contraband," including revisions. Moreover, the defendants further advised plaintiff that he was not "entitled to receive Attica CF Facility Operations Manual § 3.125 since possession of this document by a former inmate would jeopardize the good order, safety and security of the Facility." Dkt. #48-2, p.9.

In response to the instant motion to compel, defendants assert that they are entitled to invoke the law enforcement privilege to protect techniques and procedures. Dkt. #51, ¶ 43. In addition, defendants submit the affidavit of Paul Chappius, Attica's Deputy Superintendent for Security, wherein he explained that possession of this manual by the plaintiff would be a danger to the safety and security of Attica and all other DOCS facilities. Dkt. #51, ¶ 44. As further explained by Deputy Superintendent for Security Chappius, the fact the plaintiff is no longer an inmate housed within DOCS does not change the analysis. Indeed, Deputy Superintendent Chappius states,

[d]espite the fact that the plaintiff is currently not an inmate, he is on parole and, if he violates parole, he could be returned to any DOCS facility, including Attica. Further, we do not want the general public to know some of the sensitive information mentioned in our Manual because they could provide it to inmates. Information provided to a member of the general public might be placed on the internet and

further disseminated to every member of the general public
through the internet then further provided to inmates.

Dkt. #52, ¶ 12.  Alternatively, defendants offer to submit a copy of Attica CF Facility

Operations Manual § 3.125 for this Court's *in camera* inspection.  In further support of

his motion to compel, plaintiff states that he is,

> entitled to know what is the procedure for conducting cell
> searches where legal documents (civil rights amended
> complaint) are found because a captioned civil rights
> amended complaint found in a prisoner's cell is not
> supposed to be taken approximately 240 feet away from the
> prisoner's cell like defendant William Kump did.

Dkt. #55, p.3.  Plaintiff once again states in conclusory fashion that defendants'

arguments presented in their opposition to the instant motion to compel are "misplaced

and perjurious; therefore, defendants' answer is evasive and incomplete and should be

compelled."  *Id*.  Without more, plaintiff has not demonstrated a need for the Attica

Manual which outweighs the defendants' well-articulated security and safety concerns.

For the foregoing reasons, plaintiff's request is denied.


**8.      Grievances and/or Complaints Against Defendants**

By this request, plaintiff seeks an Order directing defendants to produce

> any and all grievances, complaints, or other documents
> received by the DOCS, or the State of New York, or their
> agents concerning mistreatment, abuse, assault of inmates
> by defendants Dennis Fleckenstein, William Kump, and
> Chester Kosmowski, and any memoranda, investigative
> files, or other documents created in response to such
> documents on, before, or after September 11, 2004.

Dkt. #48, ¶ 8.  In response to plaintiff's original document request, defendants asserted

a general objection to the demand on the grounds that it was overbroad.  Dkt. #51, ¶

48.  In addition, defendants advised plaintiff that when grievances are received from inmates, those grievances are filed according to the name of the inmate filing the grievance or complaint and not with reference to the name of the DOCS officer or staff member who may be the subject of the grievance or complaint.  *Id*.  Notwithstanding the foregoing and in a good faith effort to respond to plaintiff's document demand, defendants did have the personnel files of the three named defendants reviewed, and thereafter, advised the plaintiff that, "none contained any information concerning the mistreatment, abuse, or assault of any inmates."  *Id*.

In further support of his motion to compel, plaintiff suggests that defendants could very simply conduct a "database search" of Attica's records "with query or subject matter titles of grievances, complaints, and documents concerning mistreatment, abuse or assault of inmates would give innumerable documents . . ." Dkt. #55, ¶ 11.  As explained by Deputy Superintendent of Security Chappius,

> [i]t would be extremely burdensome to respond to said request for information concerning matters other than investigations by the DOCS Office of the Inspector General. This is so because in my experience, in cases of DOCS records of complaints and grievances filed by inmates and other persons concerning DOCS staff, the record of the complaints and grievances filed by inmates and other persons and responses thereto are maintained at every level by reference to the name of the inmate filing the complaint or grievance or who is the subject of the inquiry and not by reference to the name of the officer or the staff member who is the subject of the complaint or grievance.  As a result, in order to respond to this request, a search would have to [sic] conducted of the records of every such complaint and grievance maintained by DOCS filed by or for every inmate at every facility where the defendants in question have worked and also in the DOCS central office.

Dkt. #52, ¶ 4.  In further support of his motion to compel, plaintiff relies on defendants'
responses to plaintiff's first set of interrogatories wherein defendant Fleckenstein
responded that he had been grieved by other inmates and defendant Kosmowski
responded that he believed he had been grieved by other inmates.  With respect to
defendant Kump, the response simply stated, "Defendant Kump died on Friday, April
16, 2007 and so is unable to respond to this interrogatory."  Dkt. #48-2, p.13.  In
addition, plaintiff claims that he "has visual personal knowledge of defendant William
Kump being involved in the beating of an inmate in the entrance of B-Block, Company
22."  As noted repeatedly throughout this Decision and Order, defendant Kump is
deceased and to date, there has been no substitution of his estate as a party.

        In response to plaintiff's document demand, defendants conducted a
search of each defendant's personnel file concerning the mistreatment, abuse or
assault of any inmates and no information was contained in those personnel files.
Moreover, defendants have explained that by reason of how inmate grievances and
complaints are filed, a search of each grievance filed by an inmate at any facility in an
effort to locate any grievances or complaints that may relate to defendants Fleckenstein
or Kosmowski would be overly burdensome.  This Court agrees that requiring
defendants to conduct such a search would be overly burdensome and not likely to lead
to the discovery of admissible evidence.  For the foregoing reasons, that portion of
plaintiff's first motion to compel seeking an Order directing defendants to search for and
produce any and all grievances and complaints filed by any inmate against defendants
is denied.

### 9. "Missing and Blanked [sic] Pages"

By this request, plaintiff is seeking an Order from this Court directing that defendant produce "all the missing and blanked [sic] pages of the revision notice, Attica Correctional Facility (ACF) Operations Manual, Directive 2111." Dkt. #48, ¶ 9. In their response, defendants state,

> A review of the documents disclosed indicated that the plaintiff is correct that there were missing pages. Specifically, the second page of each directive is actually from a different directive, a fact your deponent did not notice when the disclosure was made. Had the plaintiff stated this clearly to your deponent, instead of burying the fact among allegations of perjury and deliberate misrepresentation, the issue could have been cleared up much earlier. In any event, a complete copy of these documents are [sic] attached here as Exhibit "A".

Dkt. #51, ¶ 55. For the foregoing reasons, plaintiff request is denied as moot.


### 10. Expenses and Attorneys' Fees

Plaintiff's final request in his first motion to compel is for an Order directing defendants to pay the plaintiff reasonable expenses incurred in filing the instant motion, including attorneys' fees. Dkt. #48, ¶ 10. As a threshold matter, the Court notes that plaintiff is proceeding *pro se*, therefore, plaintiff has not incurred any attorneys' fees. With respect to plaintiff's request for payment of his reasonable expenses incurred by reason of the filing of the instant motion, defendants assert that because plaintiff failed to attempt in good faith to obtain the disclosure or discovery without court action as required by Rule 37 of the Federal Rules of Civil Procedure, plaintiff is not entitled to reasonable expenses. Dkt. #51, ¶ 57. Notwithstanding the fact that plaintiff filed an

"Affidavit in Compliance with Local Rules of Civil Procedure 37" (Dkt. #46), it is clear

from this Court's review of that Affidavit, together with the instant motion to compel and

all the supporting documents filed by plaintiff, that plaintiff did not attempt in good faith

to resolve the discovery disputes prior to filing his first motion to compel.  Accordingly,

for the foregoing reasons, plaintiff's request for attorneys' fees and expenses is denied.


**Plaintiff's Second Motion to Compel**

**1.      Extension of March 31, 2010 Discovery Deadline**

In their response to plaintiff's second motion to compel, defendants state

that they do not oppose an extension of the deadline to complete discovery, as long as

all the other deadlines in this Court's Case Management Order are also extended by an

equal period of time.  Dkt. #65, ¶ 20.  Plaintiff's request is granted and an Amended

Case Management Order setting forth new dates for all deadlines will be issued by the

Court forthwith.


**2.      Leave to Serve Additional Interrogatories**

By this request, plaintiff seeks an Order permitting him to serve additional

interrogatories on defendants in excess of the 25 written interrogatories (including all

discrete subparts) permitted in Rule 33 of the Federal Rules of Civil Procedure.

Attached to plaintiff's second motion to compel is what purports to be plaintiff's second

set of interrogatories to defendants - setting forth 19 written interrogatories.  Dkt. #59,

pp.5-6.  As a threshold matter, defendants state that plaintiff's first set of interrogatories

only set forth 23 written interrogatories and therefore, plaintiff still has two remaining interrogatories to use.  Dkt. #65, ¶ 21.  In support of his motion to compel, plaintiff asserts that defendants' responses to his first set of interrogatories were evasive and false.  Although the Court is unable to determine whether defendants' responses were indeed evasive and false, it appears to this Court that plaintiff's proposed additional 19 written interrogatories are an attempt to clarify the responses previously provided by defendants.  Accordingly, plaintiff's request to serve additional interrogatories, specifically, the proposed second set of 19 written interrogatories attached to plaintiff's second motion to compel is granted.

### 3.    Subpoena Duces Tecum

Unlike plaintiff's earlier request for a subpoena duces tecum discussed at length above, by this request, it appears plaintiff is seeking a subpoena duces tecum for documents he has previously sought and is currently seeking from defendants.  As noted above, this Court will be issuing an Amended Case Management Order extending the discovery deadline herein.  To the extent there remain documents plaintiff believes he is entitled to from defendants, he may seek those documents through the discovery procedures set forth in the Federal Rules of Civil Procedure.  Accordingly, plaintiff's request for a subpoena duces tecum is denied.

### 4. and 5.    Log Books Reflecting Shift Assignments

By request number 4, plaintiff is seeking an Order directing defendants to produce the "log book, list, or other documentation reporting or reflecting the Correctional Officers (COs) who were assigned to work in B-Block, Companies 21 and 22 on the dates and shifts requested in plaintiff's enclosed Request for Interrogatories to Parties ¶¶ 1 through 19." Dkt. #59, ¶ 4. Similarly, by request number 5, plaintiff is seeking an Order directing defendants to produce, "the log book, list, or other documentation reporting or reflecting what cell-block, companies, and shifts defendants Dennis Fleckenstein, William Kump, and Chester Kosmowski were assigned to work on the dates and shifts requested in plaintiff's enclosed Request for Interrogatories to Parties ¶¶ 1 through 19." Dkt. #59, ¶ 5. As a threshold matter, the Court notes that defendants have not even been provided with an opportunity to respond to plaintiff's second set of interrogatories, insofar as plaintiff was only just granted permission to serve additional interrogatories earlier in this Decision and Order.

To the extent that plaintiff seeks to have defendants produce the documents that correspond to the 19 additional interrogatories plaintiff is permitted to serve, plaintiff will have additional time within which to properly request defendants to produce the documents. Elsewhere in this Decision and Order, the Court has granted plaintiff's request for an extension of the discovery deadline. Insofar as plaintiff has not properly requested the above-described documents from defendants, plaintiff's motion to compel production of those documents is denied as not yet ripe for judicial action.

**6.    Expenses and Attorneys' Fees**.

As in plaintiff's first motion to compel, plaintiff's final request in his second motion to compel is for an Order directing defendants to pay the plaintiff reasonable expenses incurred in filing the instant motion, including attorneys' fees.  Dkt. #59, ¶ 6. As a threshold matter, the Court reiterates that plaintiff is proceeding *pro se*, therefore, plaintiff has not incurred any attorneys' fees.  With respect to plaintiff's request for payment of his reasonable expenses incurred by reason of the filing of the instant motion, defendants assert that because plaintiff failed to attempt in good faith to obtain the disclosure or discovery without court action as required by Rule 37 of the Federal Rules of Civil Procedure, plaintiff is not entitled to payment of reasonable expenses. Dkt. #51, ¶ 57.  Based on a review of all the pleadings filed and correspondence exchanged between the parties herein, it does not appear to this Court that plaintiff undertook a concerted good faith effort to resolve the discovery disputes before he filed his second motion to compel.  For the foregoing reasons, plaintiff's request for attorneys' fees and expenses is denied.


**Motion to Appoint Counsel**

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to

be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants deprived him of food, took and read his legal documents, assaulted him and failed to intervene at the time of the alleged assault while he was incarcerated at the Attica Correctional Facility. Dkt. #1. As a threshold matter, the Court notes that since the commencement of this action on or about May 26, 2006, plaintiff has not been in the custody of DOCS, having been released on parole. In support of his motion seeking the appointment of counsel (Dkt. #67), plaintiff claims that despite his efforts, he has been unable to find an attorney to represent him. *Id*. at ¶¶ 5-6.

Moreover, plaintiff claims that his ability to investigate the facts relating to his claims has been limited by reason of defendants' failure to produce documents requested by plaintiff and defendants' failure to truthfully respond to plaintiff's interrogatories. To illustrate this point, plaintiff cites to his two motions to compel. As set forth above, the Court has now decided plaintiff's two motions to compel and has provided plaintiff with the opportunity to serve additional interrogatories and has extended the deadline to complete discovery. In addition, plaintiff claims that "conflicting evidence" underscores the need for effective cross-examination and further, that although plaintiff has "some legal education, he is not a person admitted to legal practice who is qualified to represent his legal interests with the expertise of an experienced trial attorney. . . " Dkt. #67, p.2. Finally, plaintiff asserts the complexity and difficulty of the factual and legal issues in the case in support of his request for the appointment of counsel.

Contrary to plaintiff's assertions, the facts in this matter are not complex and plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.  In fact, plaintiff has demonstrated his capacity to articulate to the Court both the facts and legal theories supporting his claim.  Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **September 29, 2010**


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**