UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISIDRO ABASCAL,

                        Plaintiff,
v.                                                 **DECISION AND ORDER**
                                                             06-CV-349S
DENNIS FLECKENSTEIN, WILLIAM KUMP,
CHESTER KOSMOWSKI, JAMES T. CONWAY,
and THOMAS EAGEN,

                        Defendants.

## I. INTRODUCTION

Plaintiff Isidro Abascal, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that, while he was incarcerated at Attica Correctional Facility, Defendants subjected him to cruel and unusual punishment and failed to protect him in violation of the Eighth Amendment. This Court previously denied Plaintiff's Motion for Summary Judgment in its entirety, and granted in part Defendants' Motion for Summary Judgment. Currently pending before the Court is Plaintiff's Motion for a Preliminary Injunction. For the reasons discussed below, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Plaintiff's motion should be denied.

## II. DISCUSSION

Plaintiff requests a preliminary injunction preventing an incarcerated witness to his case from being transferred to Attica prison.[1] Generally, a party seeking a preliminary

---

[1] In support of his motion, Plaintiff has submitted his Declaration, initial discovery disclosures, and a supporting Memorandum of law (Docket No. 104). Defendants responded with an opposing Memorandum of Law (Docket No. 106), and Plaintiff subsequently filed a reply Memorandum of Law

1

injunction bears the heavy burden of establishing that he or she will suffer irreparable harm in the absence of an injunction, as well as "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004), cert denied 543 U.S. 1000 (2004); Fisher v. Goord, 981 F.Supp. 140, 167 (W.D.N.Y. 1997).  Further, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher, 981 F.Supp. at 167, citing Farmer v. Brennan, 511 U.S. 825, 846–47, 114 S.Ct. 1970, 1983–84, 128 L.Ed.2d 811 (1994).

The single most important factor in determining whether a preliminary injunction is warranted is the existence of irreparable harm, and a movant must establish that the alleged harm is not remote or speculative, but is instead actual and imminent. Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007). Plaintiff has failed to meet this burden.  First, the transfer of Plaintiff's witness to Attica is not imminent, by Plaintiff's own admission it would occur only upon the filing of a Tier II or Tier III misbehavior report against the incarcerated witness due to "his own fault or on COs' retaliation." Pl's Decl. ¶¶ 5-6.  Second, there are no allegations that Plaintiff's witness was subjected to prior acts of intimidation or retaliation, and Plaintiff's conclusory allegations that the witness would suffer such mistreatment if transferred are merely speculative. Moore v. Con. Ed. Co. of New York, Inc., 409 F.3d 506, 511 (2d Cir. 2005).  Third and finally, the relationship

---

(Docket No. 107).

between the alleged possible harm to the witness and the perceived impact such harm would have on Plaintiff's present action is too attenuated to constitute a likelihood of irreparable injury.  Moore, 409 F.3d at 511-512.  Plaintiff's motion for a preliminary injunction is therefore denied.

## V.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for a Preliminary Injunction (Docket No. 104) is DENIED;

SO ORDERED.

Dated: May 29, 2012
       Buffalo, New York

                                                  /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                Chief Judge
                                   United States District Judge