UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIDRO ABASCAL,

         Plaintiff,    06-CV-0349S(Sr)

v.

DENNIS FLECKENSTEIN, et al.,

         Defendants.

---

### DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #117.

Plaintiff is a former inmate who, at the time of the events alleged in the complaint was in the care and custody of the New York State Department of Correctional Services ("DOCS"). On or about May 26, 2006, plaintiff commenced this *pro se* action seeking damages pursuant to Title 42, United States Code, Section 1983 against the various defendants who at all times relevant to the allegations in the complaint were employed at the Attica Correctional Facility ("Attica"). Specifically, plaintiff alleges that his constitutional rights pursuant to the Eighth Amendment were violated because Corrections Officers Fleckenstein and Kosmowski deprived him of meals on multiple occasions between December 10, 2004 and March 6, 2005 and that defendant Fleckenstein elbowed plaintiff in the rib cage without provocation on February 22, 2005. Dkt. #103. The matter is set for trial commencing July 9, 2013.

Currently before the Court is defendants' motion to compel plaintiff to provide authorizations to release mental health records or to preclude plaintiff from offering evidence at trial with respect to compensatory damages related to his mental distress. Dkt. #124. Defendants argue that plaintiff has placed his mental health at issue by seeking compensatory damages from defendants. Dkt. #125, p.3. In addition, defendants argue that plaintiff's psychological history may be admissible for impeachment purposes. Dkt. #125, p.3. Defendants note that at the time of the events at issue in this complaint, plaintiff alleged in a case before the Eastern District of New York, *Abascal v. Hilton*, 04-CV-1401, *inter alia*, that his mind was being read and he had been subjected to the broadcasting of his thoughts; electromagnetic weapons were being beamed at him; and he had been subjected to thought control and behavior modification experimentation and attached to his complaint mental health records indicating a diagnosis of chronic delusional disorder. Dkt. #125, pp.3-4. Defendants argue that this information suggests that plaintiff may have been suffering from paranoid delusions at the time of the events at issue in this action, rendering his mental state relevant to a jury's assessment of plaintiff's credibility as well as damages. Dkt. #125, p.4.

Although conceding that plaintiff alleges significant emotional distress as a result of defendants actions, plaintiff argues that the authorizations for plaintiff's medical and mental health records are overbroad. Dkt. #130, ¶¶ 6 & 8-9. Plaintiff argues that any disclosure should be limited to December of 2004 through March of 2005, which is the time period at issue in this litigation, and to records relating to treatment for conditions resulting from defendant's conduct. Dkt. #130, ¶¶ 8-9.

Under federal evidentiary law, confidential communications between a patient and a licensed mental health provider are protected from compelled disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *see von Bulow v. von Bulow*, 811 F.3d 136, 141 (2nd Cir. 1987) (in cases arising under federal law, privileges against disclosure are governed by principles of federal law). Courts may not subject a claim of psychotherapist-patient privilege to a balancing test and deny protection upon a determination that the evidentiary need for disclosure outweighs the patient's privacy interest, as such analysis "would eviscerate the effectiveness of the privilege." *Id.* at 17-18. As with any testimonial privilege, however, the protection may be waived. *Id.* at 15 n.14.

Waiver may be express or it "may be implied in circumstances where it is called for in the interests of fairness" where, for example, a party attempts to use the privilege as both a shield and a sword. *Sims v. Blot*, 534 F.3d 117, 132 (2nd Cir. 2008). "In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *Id., quoting In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). However, "the privilege is not overcome when the plaintiff's mental state is put in issue only by the defendant" nor is the privilege waived by allegations of "garden variety" emotional distress. *Id.* at 134, 141; *see Kunstler v. City of N.Y.*, No. 04CIV1145, 2006 WL 2516625, at *7 (S.D.N.Y. Aug. 29, 2006) (garden variety claims seek compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel

as a result of being victimized as alleged), *aff'd* 242 F.R.D. 261, 264 (S.D.N.Y. 2007). To breach the privilege whenever there is a possibility that the psychiatric records may be useful in testing the plaintiff's credibility or may have some other probative value would inject the balancing component foreclosed by *Jaffee* and disregard the principle that parties doe not forfeit a privilege merely by taking a position that the evidence might contradict. *Sims*, 534 F.3d at 141.

As plaintiff concedes that his seeking recompense for more than garden variety emotional distress, his mental health records are discoverable. Accordingly, plaintiff shall execute an authorization permitting disclosure of his mental health records for two years preceding the allegations in this complaint, *to wit*, December of 2002 until his discharge from DOCS custody. The Court notes that this determination does not consider the admissibility of such information, which will be addressed in the context of plaintiff's motion *in limine*.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**June 21, 2013**

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**