UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIDRO ABASCAL,

                               Plaintiff,           06-CV-0349S(Sr)

v.

DENNIS FLECKENSTEIN, et al.,

                               Defendants.

---

## DECISION AND ORDER

       Following a four day trial, the jury returned a verdict finding that Corrections Officers Dennis Fleckenstein and Chester Kosmowski denied plaintiff's constitutional right to nutritionally adequate food by repeatedly refusing to open plaintiff's cell to allow him access to the mess hall and awarded plaintiff $1.00 in nominal damages. Dkt. #168. The jury further found that the denial of plaintiff's constitutional right to nutritionally adequate food was malicious, wanton, or oppressive and awarded plaintiff $75,000 in punitive damages against Corrections Officer Fleckenstein and $75,000 in punitive damages against Corrections Officer Kosmowski. Dkt. #168. The jury found no cause for action on plaintiff's claim that Corrections Officer Fleckenstein violated plaintiff's constitutional right to be free from the use of excessive force. Dkt. #168.

       Currently before the Court is defendants' motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to grant defendants a new trial, or, in the

alternative, remittitur, due to the excessiveness of the jury verdict.  Dkt. #170.  In support of their motion, defendants argue that the deprivation of fourteen meals (10 breakfasts and four lunches), over the course of approximately four months, is not sufficiently reprehensible to justify an award of $150,000 in punitive damages.  Dkt. #171, p.13.

Plaintiff responds that the punitive damages awarded do not rise to a level of shocking the judicial conscience and are not intrinsically excessive.  Dkt. #174, p.3.  Plaintiff argues that the jury was justified in awarding plaintiff $75,000 in punitive damages against each corrections officer in light of the testimony demonstrating that defendants actions were in response to plaintiff's filing of grievances, leaving plaintiff hungry and in fear for his well being with no recourse. Dkt. #174, pp.4-5.

Pursuant to Rule 59 of the Federal Rules of Civil Procedures, the court may grant a new trial following a jury trial "if it 'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998).  However, the district court should recognize that a "jury's credibility assessments are entitled to deference."  *Id.* at 104-05.  Thus, where "the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Id.* at 105.

Punitive damages are available in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996), *quoting Smith v. Wade*, 461 U.S. 30, 56 (1983).  Punitive damages are meant "to punish the defendant and to deter him and others from similar conduct in the future."  *Lee*, 101 F.3d at 809.  An award of punitive damages is within the wide discretion of the jury, but may be overturned if "the amount is 'so high as to shock the judicial conscience and constitute a denial of justice.'" *Id., quoting Hughes v. Patrolmen's Benevolent Ass'n of N.Y., Inc.,* 850 F.2d 876, 883 (2d Cir.), *cert. denied,* 488 U.S. 967 (1988).  "If a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount.'" *Id.*.

In assessing a punitive damages award, the Supreme Court of the United States has identified three guideposts: (1) the degree of reprehensibility of the tortious conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases.  *Lee*, 101 F.3d at 809, *citing BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 575 (1996).

The Supreme Court has identified the degree of reprehensibility as "[p]erhaps the most important indicium of the reasonableness of a punitive damages

award." *Gore*, 517 U.S. at 575; *See State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003)("[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct."). Considerations for assessing this factor include whether: (1) the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or a reckless disregard of the health and safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (5) the harm was the result of intentional malice, trickery, or deceit, or mere accident.  *Campbell*, 538 U.S. at 419, *citing Gore*, 517 U.S. at 576-77.

The second guidepost is rooted in the long standing principle that exemplary damages must bear a "reasonable relationship" to compensatory damages. *Gore*, 517 U.S. at 580.  In assessing this factor, the Supreme Court has "consistently rejected the motion that the constitutional line is marked by a simple mathematical formula," explaining that

> low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages.  A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of non-economic harm might have been difficult to determine.

*Id.* at 582.  Thus, "in cases of very small injury but very reprehensible conduct, the appropriate ratios can be very high." *Payne v. Jones*, 711 F.3d 85, 102 (2d Cir. 2013); *See Lee*, 101 F.3d at 811 ("[I]n a § 1983 case in which the compensatory damages are nominal, a much higher ratio can be contemplated."). Moreover, the Supreme Court has

acknowledged the appropriateness of considering "the potential harm that might result from the defendant's conduct . . . as well as the possible harm to other victims that might have resulted if similar future behavior were not deterred."  *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 460 (1993).

With respect to the third guidepost, the goal is to ensure that the tortfeasor has "'fair notice' that the wrongful conduct could entail a substantial punitive award."  *Lee*, 101 F.3d at 811; *See Gore*, 517 U.S. at 574 ("Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty . . .").  In *Lee*, the Court of Appeals assumed that defendant's training as a police officer "gave him notice as to the gravity of misconduct under color of his official authority, as well as notice that such misconduct could hinder his career."  101 F.3d at 811.

In addition, "[c]ourts have often found it helpful in deciding whether a particular punitive award is excessive to compare it to court rulings on the same question in other cases."  *Payne*, 711 F.3d at 104 (collecting cases involving police misconduct).  In that case, the Court of Appeals determined that a law enforcement officer's use of excessive force against a citizen being transported for a mental health evaluation was sufficiently reprehensible to support an award of $100,000 in punitive damages).  Similarly, in *Lee*, the Court of Appeals found that a jury's award of $1 in nominal damages and $200,000 in punitive damages to a citizen subjected to malicious

prosecution by a police officer was excessive, but that an award of $75,000 in punitive damages would be appropriate given the police officer's abuse of his official position and notice of the gravity of such misconduct. 101 F.3d at 813.  While the Court recognizes that these cases involved physical violence which is absent in the instant case, the Court finds the abuse of law enforcement authority relevant for comparison to this case.

Defendants' behavior, as determined by the jury, was reprehensible.  As an inmate in a correctional facility, plaintiff was dependent upon corrections officers for his daily needs and defendants intentionally and repeatedly exercised their power over his environment and well-being to denying him access to meals as retaliation for plaintiff's complaints and grievances.  While the nature of the deprivation imposed upon plaintiff by defendants does not lend itself to significant compensatory damages, it was within the province of the jury to determine that significant punitive damages were necessary to deter defendants, as well as other corrections officers, from engaging in such conduct in the future. *See Milfort v. Prevete*, __ F. Supp.2d __, 2014 WL 988768, at *8 (E.D.N.Y. 2014) ("Defendant's conduct was deserving of punishment, not merely because of any physical or emotional harm done to Plaintiff, but because the conduct itself was malicious and entailed an abuse of state power.").  As experienced corrections officers, defendants knew or should have known that repeatedly and intentionally denying  meals to plaintiff was a violation of facility rules and regulations, if not plaintiff's constitutional rights. *See Gore*, 517 U.S. at 576-77 ("Certainly, evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or

suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law.").  While an award of $75,000 against each defendant is certainly significant, it is not excessive.  Accordingly, defendants' motion is denied and the stay of execution of the judgment is lifted.

       **SO ORDERED.**

DATED:   Buffalo, New York
            April 7, 2014

                                  *s/ H. Kenneth Schroeder, Jr.*
                                  **H. KENNETH SCHROEDER, JR.**
                                  **United States Magistrate Judge**