UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIDRO ABASCAL,

                                              **Plaintiff,**                    06-CV-0349S(Sr)

v.

DENNIS FLECKENSTEIN, et al.,

                                                **Defendants.**

---

## DECISION AND ORDER

Following a four day trial, the jury returned a verdict finding that Corrections Officers Dennis Fleckenstein and Chester Kosmowski denied plaintiff's constitutional right to nutritionally adequate food by repeatedly refusing to open plaintiff's cell to allow him access to the mess hall and awarded plaintiff $1.00 in nominal damages.  Dkt. #168.  The jury further found that the denial of plaintiff's constitutional right to nutritionally adequate food was malicious, wanton, or oppressive and awarded plaintiff $75,000 in punitive damages against Corrections Officer Fleckenstein and $75,000 in punitive damages against Corrections Officer Kosmowski. Dkt. #168. The jury found no cause for action on plaintiff's claim that Corrections Officer Fleckenstein violated plaintiff's constitutional right to be free from the use of excessive force.  Dkt. #168.

Currently before the Court is plaintiff's motion, in accordance with 42 U.S.C. § 1988, for an award of $143,587.50 in attorneys' fees. Dkt. #176.

Defendant seeks to reduce the amount awarded to $111,287.00 on the ground that plaintiff did not prevail on all of his claims; the number of hours billed for certain tasks were excessive; and the billing of law student interns is inappropriate. Dkt. #179.

42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of section 1983 of this title, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."  "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).  Although an award of nominal damages is sufficient to establish prevailing party status, the lack of a significant damages award may be considered in assessing the reasonableness of a demand for attorneys' fees.  *Id.* at 112.  In fact, the Supreme Court has recognized "the degree of success obtained" as "the most critical factor in determining the reasonableness of a fee award." *Id.* at 114.  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

In the instant case, counsel obtained excellent results for plaintiff. Although the nature of the constitutional violation established did not lend itself to significant compensatory damages, the jury was convinced that significant punitive damages were necessary to deter defendants, as well as other corrections officers, from exercising their power over an inmate's environment and well-being to deny him

access to meals as retaliation for complaints and grievances. *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct, while punitive damages serve a broader function: deterrence and retribution). Thus, counsel is entitled to an award that fully compensates the legal work performed on plaintiff's behalf.

The calculation of a presumptively reasonable attorney's fee is generally governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley,* 461 U.S. at 433; *See Perdue v. Kenny A*., 559 U.S. 542, 551 (2010) (lodestar approach has "become the guiding light of our fee-shifting jurisprudence."). In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Hours expended to obtain the favorable judgment, as well as hours spent defending against post-judgment motions and preparing and defending an application for fees are compensible. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch,* 148 F.3d at 173 (internal quotations and citations omitted).

Defendant argues that the expenditure of 52.5 hours by an associate attorney in preparation for the initial mediation session following appointment of counsel is excessive.  Given the clarity of the issues remaining following the Court's summary judgment decision, as well as the developed record set forth in the motion for summary judgment, the Court finds it appropriate to reduce the number of hours expended by the associate attorney by 25 hours.

The Court also finds excessive the expenditure of approximately 44 hours by an associate attorney in response to defendants' post trial motions, which argued that the jury's punitive damages award was excessive, especially given that the senior partner also expended more than 20 hours on plaintiff's response, which was an appropriately concise 13 pages.  The Court will reduce the amount of time allowed by the associate to 15 hours.  Similarly, the Court finds the expenditure of approximately 45 hours on the fee application to be excessive and will reduce the number of associate hours compensated for this task by 20 hours.

The Court agrees that the number of hours spent by summer law clerks on legal research is excessive, even upon consideration of the reduced rate of such students.  For example, one law student spent approximately 33 hours researching the admissibility of plaintiff's mental health records, while another law student spent approximately 23 hours researching a potential spoliation issue and a third law student spent approximately 17 hours researching damages available to plaintiff.  While the assignment of such research to law students is certainly appropriate, the law clerks' time charges of more than 150 hours will be reduced by half.  Finally, the Court finds it

inappropriate to charge defendants for the 8.8 hours that summer law clerks observed plaintiff's trial.

Defendant does not challenge the reasonableness of the hourly rates of plaintiff's counsel. Dkt. #179, ¶ 3. The Court is likewise confident that the rates, *to wit*, $350 for the senior partner; $225 for trial counsel; $150-$180 for associates; $125-$130 for paralegals; and $100 for summer law clerks are appropriate. *See, e.g., Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 188 (2d Cir. 2008) (reasonable hourly rate to be determined upon consideration of factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)); *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

Accordingly, the Court finds that a reasonable award of attorneys' fees in this matter totals $123,857.50. In addition, defendant shall reimburse the United States District Court $95 in costs paid to plaintiff's counsel. Dkt. #173 & Dkt. #176-1, ¶ 27.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 15, 2014

   *s/H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

-5-